**Guadalupe LOPEZ, et al., Petitioners,**

v.

**Sylvestra F. LOPEZ, et al.,
Respondents.**

**No. C–7226.**

Supreme Court of Texas.

Sept. 14, 1988.

Rehearing Denied Oct. 19, 1988.

---

**722**

Stuart F. Lewis, Dillon, Lewis, Elmore & Smith, Bryan, C. David Stasny, College Station, for petitioners.

Chris J. Kling, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for respondents.

## PER CURIAM.

The issue of concern in this appeal is whether a defendant, who is not notified of a trial setting and consequently does not appear, must nevertheless set up a meritorious defense in order to obtain a new trial. In an unpublished opinion, the court of appeals has held that regardless of the reason for defendant's failure to appear or answer, the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), must be served. One such requirement is that the defendant support his motion for new trial with an affidavit which factually sets up a meritorious defense. Because Guadalupe Lopez, the defendant in the present case, did not do this, the court of appeals held that the trial court did not err in overruling his motion for new trial and affirmed the judgment of the trial court. A majority of the court reverses the judgment of the court of appeals as it pertains to Guadalupe Lopez and remands the cause for new trial because the decision of the court of appeals conflicts with *Peralta v. Heights Medical Center, Inc.*, —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

The judgment in this case arises out of the final distribution of assets of an estate among certain remaining heirs. Some of these heirs, as plaintiffs, claimed that two other heirs, Jesus Lopez, Jr., and Guadalupe Lopez, had profited at the expense of the estate. These plaintiffs prayed that the remaining cash assets of the estate, held in the registry of the court, be distributed with due regard to the benefits previously enjoyed by Jesus and Guadalupe.

Jesus and Guadalupe were initially represented by the same attorney, who filed answers on their behalf. Approximately eighteen months prior to trial, this attorney was permitted to withdraw as Guadalupe's counsel, although he continued in the case as attorney for Jesus. Following the withdrawal of his attorney, Guadalupe was not served with documents generated by the attorneys representing the plaintiff heirs or Jesus. Further, there is nothing in the record to suggest that any attempt was made to notify Guadalupe of the trial setting. Guadalupe apparently did not obtain the services of a new attorney until after the trial.

Although conceding that Guadalupe had no notice of the trial setting, the court of appeals nevertheless held him to the standard set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939):

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

Although in *Craddock* the default judgment was taken because the defendant failed to answer, the same requirements apply to a post-answer default judgment. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986).

Applying the *Craddock* standards to the facts here, the court of appeals found that Guadalupe's failure to appear was not intentional or the result of conscious indifference, because he did not have notice of the trial setting. The court of appeals, however, concluded that Guadalupe's motion for new trial was properly overruled because he did not factually set up a meritorious defense in his motion or produce evidence of a defense at the hearing on the motion.

Because the record here establishes that Guadalupe had no actual or constructive notice of the trial setting, the lower courts erred in requiring him to show that he had a meritorious defense as a condition to granting his motion for new trial. The Supreme Court has recently held that such a requirement, in the absence of notice, violates due process rights under the Fourteenth Amendment to the federal constitution. *Peralta v. Heights Medical Center, Inc.,* — U.S. ——, 108 S.Ct. 896, 99 L.Ed. 2d 75 (1988).

The decision of the court of appeals, as it pertains to Guadalupe Lopez, is in conflict with *Peralta v. Heights Medical Center, Inc.* Pursuant to Tex.R.App.P. 133(b), we grant Guadalupe's application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court for new trial.

Jesus Lopez, Jr. has also filed an application for writ of error in this court. Jesus, however, participated in the trial and therefore does not present a similar due process claim. We have reviewed Jesus' application for writ of error and have found no error "of such importance to the jurisprudence of the state" as to require correction. Tex.Gov't Code Ann. § 22.001(a)(6) (Vernon 1988). Jesus' application for writ of error is denied. Tex.R.App.P. 133(a).