Hruska v. Beardsley 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00527-CV







Leon Mac Hruska and Gail Cocke, Appellants




v.




James M. Beardsley and Linda A. Beardsley, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 93-14415, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 This is an appeal from a post-answer default judgment. In eighteen points of error,
appellants assert that the trial court erred in overruling their motion for new trial and improperly
awarding attorney's fees. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 This suit arose from a boundary line dispute between James M. and Linda A.
Beardsley, appellees, who own the land at 707 Highland Avenue in Austin, (1) and Leon Mac
Hruska and Gail Cocke, appellants, who own the adjoining property immediately behind the
Beardsleys' lot. The elevation of the Beardsleys' yard is somewhat higher than appellants' yard. 
A retaining wall runs parallel to, and two feet inside, the Beardsleys' boundary line. In August
1992, appellants erected a fence with a gate to give privacy to their backyard. The end of the
fence abutted the Beardsleys' retaining wall, thereby essentially enclosing and incorporating the
two-foot strip of the Beardsleys' land into appellants' backyard. Several weeks after the fence was
erected, the Beardsleys' attorney sent appellants a written demand to remove the fence because
it encroached upon the Beardsleys' property. After speaking with the surveyor hired by the
Beardsleys, appellants realized that their surveyor had made a mistake and that the fence did
encroach on the Beardsleys' property. Appellants promptly removed the encroaching portion of
the fence.

 Because appellants still wanted a fence to enclose their backyard, they requested
a variance from the City of Austin to allow them to build the fence closer to the street, on the
city's easement, which would make the fence abut a pole owned by the city. The purpose of this
arrangement was to eliminate the direct encroachment of the fence onto the Beardsleys' property. 
However, the fence still effectively enclosed the two-foot strip within appellants' backyard,
because the city's pole essentially abutted the retaining wall. The Beardsleys, through their
representative, opposed the variance. At the hearing before the local zoning board of adjustment,
appellants conceded that the two-foot strip of land which the proposed fence would enclose
belonged to the Beardsleys. The city granted the variance, and appellants built the fence on the
city's easement. The Beardsleys' attorney sent a second letter demanding the removal of
encroachments in January 1993. Appellants removed some bricks from the Beardsleys' two foot
strip of land. The Beardsleys' attorney then notified their representative that appellants had
removed all encroachments.

 After the city granted the variance and appellants built the fence across the city's
easement, the Beardsleys brought suit against appellants for trespass by encroachment, declaratory
judgment for location of the boundary, permanent injunction, attorney's fees, and costs of court. 
Appellants filed a general denial.

 At docket call both sides announced ready for trial. Because of a shortage of
judges, the case was placed on standby pending further notice by the court administrator. On the
morning of May 17, 1994, appellants' attorney contacted the court administrator's office to
ascertain the status of the case and was informed that the case was number seven on the standby
list. At approximately 4:00 p.m. that afternoon, the court administrator called the attorney's
office and reached an answering service. The court administrator left a message that the case was
set for trial the following morning at 9:00 a.m. At the same time that the court administrator was
leaving his message, appellants' attorney, having just arrived back in his office, called the
answering service to retrieve his messages. As a result, he did not receive the message regarding
the trial setting.

 Appellants' attorney was scheduled to attend a hearing on an uncontroverted
summary judgment motion in another county at 9:00 a.m. on May 18, 1994. Because he had not
received notice of the trial setting, knew that the court's local practice is to give parties on standby
several hours notice of a trial setting, and anticipated that he would only be gone a couple of
hours, the attorney left his office shortly before 8:30 a.m. to attend his out-of-town hearing. At
8:30 a.m., the answering service faxed a listing of all calls received the day before. The court
called shortly after 9:00 a.m. inquiring about the attorney's whereabouts. His secretary informed
the court of the situation. The attorney returned to his office around 10:30 a.m. and learned of
the missed trial setting. He contacted the court administrator and learned that the court had
already proceeded to trial and rendered judgment.

 When appellants failed to appear at trial on May 18, 1994, the court, after hearing
evidence, orally rendered a default judgment that declared the location of the boundary, granted
a permanent injunction mandating the removal of existing encroachments and prohibiting future
encroachments, awarded $5,000 in attorney's fees, and awarded costs of court and postjudgment
interest. Later that day, appellants filed a "Motion for New Trial and Objection to Entry of
Judgment." The court conducted a hearing on the motion for new trial on May 26, 1994. At the
conclusion of the hearing, the court announced orally that all relief previously granted except for
the declaratory judgment and attorney's fees was set aside. The Beardsleys then orally took, and
the court accepted, a non-suit on all claims for injunctive relief. On June 27, 1994, the court
signed a judgment, an order overruling appellants' motion for new trial, and an order granting the
Beardsleys' previous request for a partial nonsuit. This last order was entitled "Order on Nonsuit
and Final Judgment." On July 22, 1994, appellants filed their "First Amended Motion for New
Trial." A hearing was set for September 9, 1994. During the hearing, the court excluded some
testimony of Leon Mac Hruska. The court never ruled on the amended motion, and, if a valid
motion, it was overruled by operation of law on September 12, 1994. In its findings of fact and
conclusions of law issued November 7, 1994, the trial court found that the amended motion for
new trial did not present any new matter not before the court on the original motion. The court
found that appellants' failure to appear at trial was not a result of conscious indifference; however,
the court concluded that appellants had not set up a meritorious defense to the Beardsleys' claim
for declaratory relief. A bill of exceptions hearing for the excluded testimony of Hruska was held
January 4, 1995. This appeal followed.



DISCUSSION


Justiciable Controversy

 In point of error five, appellants argue that the trial court erred in rendering a final
judgment in favor of the Beardsleys and in overruling their motion for new trial because there was
no justiciable controversy with regard to the location of the boundary line. We disagree. A
sufficient justiciable controversy may exist and a declaratory judgment be proper even where a
dispute has not yet culminated in wrongdoing or posed such a threat of imminent harm as to
warrant equitable relief. A declaratory proceeding may be instituted "to settle and to afford relief
from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex.
Civ. Prac. & Rem. Code Ann. § 37.002 (West 1986) (further providing that section 37.002 "is
to be liberally construed and administered"). In the present case, appellants' fence, though
technically no longer encroaching on the Beardsleys' property, still effectively incorporated a two-foot strip of the Beardsleys' property into appellants' backyard. Such a situation lends itself to
uncertainty with regard to control and ownership of the land. Potential future disputes range from
actions for trespass to potential adverse possession claims. We conclude that a sufficient
justiciable controversy existed, and that the Beardsleys were entitled to a declaratory judgment
to settle the uncertainty with respect to the boundary line. Appellants' point of error five is
overruled.



Motion for New Trial Issues

 In points of error one, two, three, and four, appellants assert various arguments
that the trial court erred in not granting a new trial on the declaratory judgment issues. (2) Before
addressing these points of error, we must first address the procedural complexities which occurred
at the trial court that will impact our analysis. Appellants filed their motion for new trial on the
same day the trial was conducted, but before any judgment was signed. Under Rule 306c, the
premature motion for new trial was deemed filed on the date of, but subsequent to, the signing
of the judgment which the motion assails. Tex. R. Civ. P. 306c. Thus, the motion for new trial
was deemed filed June 27, 1994, the same date the initial judgment was signed. The order
overruling the motion for new trial was likewise signed June 27, 1994. Thereafter, the court
signed a second judgment, which incorporated the Beardsleys' nonsuit on their claims for
injunctive relief. After this second judgment was signed, appellants filed an "amended" motion
for new trial. Despite the terminology, the "amended" motion was actually a timely filed original
motion for new trial in response to the court's second, final judgment. A hearing was requested
and held on September 9, 1994, before the motion was overruled by operation of law on
September 12. At the hearing, the trial court excluded some testimony of appellant Leon Mac
Hruska. A hearing on a bill of exceptions for this excluded evidence was held on January 4,
1995. This hearing was held after the court's plenary power expired; therefore, the court had no
power to grant a new trial based on this evidence.

 Several of appellants' points of error complain of errors relating to the trial court's
order partially overruling the original motion for new trial. However, because the second
judgment superseded the prior one and the court's decision to partially overrule the original
motion for new trial, we will address only the alleged error in overruling appellants' "amended"
motion for new trial.

 A denial of a motion for new trial is reviewed under an abuse of discretion
standard, Cliff v. Hughes, 724 S.W.2d 778 (Tex. 1987); however, the scope of the trial court's
discretion for granting a motion for new trial is defined and well settled. Once a moving party
meets the requirements of Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939), the trial
court should grant the motion for new trial. Under Craddock, the moving party must: (1) allege
the failure to appear was not intentional or the result of conscious indifference, but rather was due
to an accident or mistake; (2) allege facts which if true in law would constitute a meritorious
defense in whole or in part to the claim and support the assertion with affidavits or other evidence;
and (3) allege that granting the motion for new trial will not cause delay or injury to the plaintiff. 
Id. at 126. A meritorious defense is not required, however, when the defendant against whom
a default judgment has been rendered had no notice of the lawsuit, because to enforce such a
requirement would offend due process. Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 84-87
(1988); see Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (stating that a meritorious defense
is not required if there is no actual or constructive notice); see generally, William R. Trail & Julia
A. Beck, Peralta v. Heights Medical Center, Inc: A Void Judgment Is a Void Judgment Is a Void
JudgmentBill of Review and Procedural Due Process in Texas, 40 Baylor L. Rev. 367 (1988). 
Likewise, because of the potential for denial of due process, a meritorious defense would not be
required if the party who has already appeared did not receive notice of trial. LBL Oil Co. v.
International Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989).

 In points of error three and four, appellants argue that the trial court abused its
discretion by proceeding to trial and later in overruling appellants' motion for new trial, because
the court administrator's notice of the trial setting was inadequate. The standard for reviewing
the adequacy of notice of a trial resetting is reasonableness. Tex. R. Civ. P. 245. This case was
placed on standby after docket call. Appellants were on notice that under the local rules of Travis
County cases not assigned to judges at the docket call "will be assigned at any time before noon
on Thursday of that week as judges become available, and the parties must be ready to begin the
trial or hearing when each case is reached." Travis Cty. Dist. Cts. Loc. R. 3.7. The case was
reset for trial at 9:00 a.m. on May 18, 1994. The court administrator testifiedand appellants
admitthat the administrator called appellants' attorney's office at approximately 4:00 p.m. on
May 17, 1994 to give notice of the trial setting the next morning and left a message with the
answering service. The answering service was acting as an agent for appellants' attorney in
receiving the message. That notice, if received, would have allowed appellants sufficient time to
prepare for trial the next morning. Appellants' attorney failed to receive this message in time due
to a problem in retrieving messages from the answering service, not because of any defect in the
notice itself. We conclude that the notice of resetting was reasonable and satisfied due process,
because actual notice was given by the court administrator to an agent of appellants' attorney;
therefore, the trial court did not abuse its discretion in proceeding to trial and later partially
overruling appellants' motion for new trial. Appellants' points of error three and four are
overruled.

 In points of error one and two, appellants contend that the trial court erred in
failing to grant their motion for new trial because appellants satisfied the requirements of
Craddock. It is undisputed that appellants' failure to appear at trial was neither intentional nor
the result of conscious indifference. Nor do the Beardsleys contend they would suffer delay or
other harm as a result of granting the motion for new trial. The sole dispute on appeal is whether
appellants have set up a meritorious defense.

 Appellants' motion for new trial stated as a meritorious defense that there was no
longer an encroachment on the Beardsleys' property. This assertion, however, is a defense only
to the Beardsleys' claims for injunctive relief; it does not address the declaratory judgment issue. 
The court's final judgment granted the the Beardsleys' request for a nonsuit as to their claims for
injunctive relief, thereby eliminating those claims, but granted the Beardsleys' request for a
declaration of the location of the boundary line. Appellants' motion for new trial sets up no
meritorious defense to the issue of the location of the boundary line addressed by the request for
declaratory relief. Thus, the motion itself is deficient in failing to set up a meritorious defense
to the cause of action for declaratory judgment. Furthermore, appellants failed to support their
motion for new trial with any affidavits alleging facts which would support a meritorious defense
to the declaratory judgment suit. Additionally, the evidence offered at the hearing on the motion
for new trial did not present any facts that would support a meritorious defense to declaratory
relief. Therefore, we conclude that the trial court did not abuse its discretion in overruling the
motion for new trial as to the Beardsleys' declaratory judgment action. Appellants' points of error
one and two are overruled.



Attorney's Fees

 In points of error six and nine, appellants complain about the court's award of
attorney's fees to the Beardsleys. Essentially, appellants assert that the attorney's fees were not
properly apportioned between the claims for declaratory and injunctive relief. Appellants also
argue that there was no evidence presented at the trial and that the trial court failed to find that
the attorney's fees awarded were reasonable and necessary. During the hearing on the motion for
new trial, appellants argued that the award of $5,000 for attorney's fees was excessive because
if there was no dispute as to the boundary line and the encroachment had already been removed,
the Beardsleys never should have litigated the case. However, the Beardsleys pleaded ownership
and possession of their tract, which they described by reference to the plat records of Travis
County. Appellants answered by general denial, thereby placing in issue the exact boundary
between the two properties. In addition, appellants never argued in the trial court that the
attorney's fees were improperly apportioned between the claim for declaratory judgment and the
claim for injunctive relief, nor did they argue that there was no evidence that the award was
reasonable and necessary. We conclude that appellants did not preserve these issues for appeal. 
See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 220 (Tex. 1992); Tex. R. App.
P. 52(a). Appellants' points of error six and nine are overruled.

 We have reviewed appellants' remaining points of error and find them to be without
merit. We therefore overrule all remaining points of error.



CONCLUSION


 We affirm the judgment of the district court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 13, 1995

Do Not Publish

1.   At all times relevant to this suit, appellees lived out of state. Their property and
this suit were managed by a representative, Peggy Metzger, who is a licensed real estate
agent and the mother of James Beardsley.
2.   Before oral argument, appellants filed a motion to deem facts alleged in appellant's
brief to be admitted and points of error unbriefed as unopposed. Texas Rule of Appellate
Procedure 74(f) provides in relevant part: "Any statement made by appellant in his
original brief as to the facts or the record may be accepted by the court as correct unless
challenged by the opposing party." (Emphasis added.) The rule gives the court discretion in
accepting the alleged facts as true. We decline appellants' invitation to accept the facts in their
brief as true. Upon examining appellees' brief, we conclude that they did respond to all of
appellants' points of error. We overrule appellants' motion.


 After oral argument, appellants filed a motion to supplement the statement of facts with
the bill of exception made for Leon Mac Hruska's excluded testimony. Because the bill of
exception hearing was conducted after the trial court's plenary power had expired, we overrule
that motion as well.


declaratory relief. Thus, the motion itself is deficient in failing to set up a meritorious defense
to the cause of action for declaratory judgment. Furthermore, appellants failed to support their
motion for new trial with any affidavits alleging facts which would support a meritorious defense
to the declaratory judgment suit. Additionally, the evidence offered at the hearing on the motion
for new trial did not present any facts that would support a meritorious defense to declaratory
relief. Therefore, we conclude that the trial court did not abuse its discretion in overruling the
motion for new trial as to the Beardsleys' declaratory judgment action. Appellants' points of error
one and two are overruled.



Attorney's Fees

 In points of error six and nine, appellants complain about the court's award of
attorney's fees to the Beardsleys. Essentially, appellants assert that the attorney's fees were not
properly apportioned between the claims for declaratory and injunctive relief. Appellants also
argue that there was no evidence presented at the trial and that the trial court failed to find that
the attorney's fees awarded were reasonable and necessary. During the hearing on the motion for
new trial, appellants argued that the award of $5,000 for attorney's fees was ex