Reversed and Remanded and Opinion filed November 4, 2008








 

Reversed
and Remanded and Opinion filed November 4, 2008.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00239-CV

____________

 

DOUGLAS ASHWORTH, Appellant

 

v.

 

RICHARD BRZOSKA,
Appellee

 

 



 

On Appeal from the
164th District Court

Harris County,
Texas

Trial Court Cause
No. 2003-30113

 



 

O P I N I
O N

A
post-answer default judgment was entered against appellant, Douglas Ashworth,
who failed to appear for trial because he did not receive notice of the trial
setting.  The trial court declined to grant a new trial, ruling that Ashworth=s non-appearance resulted from his
failure to provide a correct, updated mailing address.  We hold that the trial
court abused its discretion by refusing to grant a new trial.  Therefore, we
reverse the trial court=s judgment and remand this cause for a new trial.








                                                               BACKGROUND

In May
2003, appellee, Richard Brzoska, sued Ashworth, along with Sterling Redfern
Corporation and Loch Energy, Inc., alleging, inter alia, breach of an
employment contract, fraud, and deceptive trade practices.  The defendants, who
were represented by the same attorney, filed a general denial.  In November
2003, the defense attorney moved to withdraw, listing Ashworth=s last known address as 7544 F.M.
1960 East, #16, Houston, Texas 77346.  After the trial court granted his
attorney=s withdrawal motion, Ashworth opted
to proceed pro se.

Ashworth=s listed address consisted of a
mailbox located inside a retail postal center called ASpeedy Mail & Parcel.@  In December 2003, Ashworth failed
to pay rent for mailbox #16.  Speedy closed the mailbox, which caused all mail
addressed to appellant at that mailbox to be returned to the post office. 
Ashworth then arranged to rent mailbox #17 from Speedy.  However, he did not
formally notify the trial court, district clerk, or opposing counsel[1]
that his address had changed to 7544 F.M. 1960 East, #17,
Houston, Texas 77346.

The
court issued several trial settings, but the case was not reached for trial
until November 28, 2006.  The defendants failed to appear for trial, prompting
the following exchange:

THE COURT:            All right.  And do we have
either Mr. Ashworth, Sterling Redfern, or Loch B ALoch@/ALoch@ Energy
Corporation?

MR. STEPHENS:      Do not, Your Honor.  We=ve been attempting to try to locate them.  They=ve moved from their last address, and we know of no
new address that we can reach them at.

 








Following a brief bench
trial, the court entered a post-answer default judgment against the defendants. 
The final judgment was signed on January 5, 2007.  Ashworth, who received the
proposed judgment via certified mail addressed to mailbox #16,[2]
moved to vacate the judgment because he did not receive notice of the trial
setting.

The
trial court=s file contains a notice of trial setting, dated April 27, 2006, which
lists appellant=s address as A7544 F M 1960 EAST 16.@  Ashworth denied receiving this
notice, but the trial court declined to grant a new trial, concluding that
appellant had voluntarily changed his address without informing the court
clerk.  Ashworth, but not Sterling Redfern or Loch Energy, has perfected an
appeal from the trial court=s ruling.[3]  He contends
that because he did not receive notice of the trial setting, the trial court
abused its discretion by refusing to grant a new trial.

                                                       STANDARD
OF REVIEW








Because
we construe appellant=s AEmergency Motion to Vacate Final Judgment@ as a motion for new trial, we will
apply the standard of review corresponding to the review of a motion for new
trial.  See In re Estate of Head, 165 S.W.3d 897, 902 (Tex. App.CTexarkana 2005, no pet.); IPM
Prods. Corp. v. Motor Parkway Realty Corp., 960 S.W.2d 879, 882 (Tex. App.CEl Paso 1997, no pet.).  We review
the denial of a motion for new trial under an abuse-of-discretion standard.  See
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).  An abuse of
discretion occurs if the trial court acts without reference to any guiding
rules or principles.  Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997).  

A trial
court must set aside a post-answer default judgment when the defendant
satisfies the test articulated by Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124 (1939).  Dir., State Employees Workers= Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Cliff
v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987).  Under Craddock, the 
defendant must demonstrate that (1) his failure to appear was not intentional
or the result of conscious indifference; (2) there is a meritorious defense;
and (3) the granting of a new trial will not operate to cause delay or injury
to the opposing party.  Cliff, 724 S.W.2d at 779.  

The law
presumes that a trial court will hear a case only after giving proper notice to
the parties.  Tex. Dep=t of Pub. Safety v. Mendoza, 956 S.W.2d 808, 812B13 (Tex. App.CHouston [14th Dist.] 1997, no pet.). 
Importantly, then, if the defendant did not receive notice of a trial setting,
he satisfies the first prong of Craddock and need not prove the
existence of a meritorious defense to be entitled to a new trial.[4] 
Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).  The law prefers that
cases be resolved on their merits wherever possible, rather than by default.  See
Reed v. City of Dallas, 774 S.W.2d 384, 386 (Tex. App.CDallas 1989, writ denied) (Howell,
J., dissenting).  Accordingly, a trial court abuses its discretion in denying a
new trial to a defendant who satisfies the Craddock test.  See Evans,
889 S.W.2d at 268; Cliff, 724 S.W.2d at 779.

 








                                                                    ANALYSIS

A.        Notice of Trial Setting

At the
new-trial hearing, Ashworth denied receiving notice of the November 2006 trial
setting.[5]  Unless
Brzoska presented evidence to controvert appellant=s no-notice claim, a new trial was
required.  See Cliff, 724 S.W.2d at 779; Old Republic Ins. Co. v.
Scott, 873 S.W.2d 381, 382 (Tex. 1994).  He attempts to meet this burden by
arguing that (1) Ashworth admitted receiving notice of the trial setting, and
(2) under Rule 21a, appellant is presumed to have received notice.  We disagree
with these contentions.

1.         Admission of Receipt:

At the
conclusion of the new-trial hearing, after the court had already ruled,
Ashworth stated, AYou don=t mail out a three-by-five card a year ago, and then the
clerk says he tried to call me, but he talks to Mr. Stephens, and Mr. Stephens
knows how to get ahold of me[.]@  Brzoska urges us to construe this statement Aas a direct admission that [Ashworth]
did, in fact, receive at least one of the Notices of Trial from the court.@  We decline to do so.

We
interpret Brzoska=s argument as an allegation that Ashworth stipulated to
receiving notice of the trial setting.  A stipulation includes an admission or
concession made in a judicial proceeding by a party or its attorney.  Rosenboom
Mach. & Tool, Inc. v. Machala, 995 S.W.2d 817, 821 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied).  However, courts should disregard Astipulations@ that are unclear or ambiguous.  See
Goebel v. Brandley, 174 S.W.3d 359, 364 n.7 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied).








Ashworth=s statement, which was addressed to
the trial court, reasonably may be interpreted as a complaint that the court=s trial-setting notice was not
mailed: AYou don=t mail out a three-by-five card a
year ago[.]@ Moreover, were we somehow to construe this statement as an admission
that appellant received a trial-setting notice mailed Aa year ago,@ it still does not demonstrate his
awareness of the November 2006 trial setting.  The record reflects that the
court issued at least five trial settings, several of which could be said to
have issued Aa year ago.@  For example, in December 2005, slightly more than one year
before appellant=s February 2007 statement, the court issued a trial setting
for March 2006.  Receipt of this December 2005 notice, which was issued
approximately Aa year ago,@ would not have notified Ashworth that trial was later
re-scheduled to November 27, 2006.  Because Ashworth=s statement does not unambiguously
demonstrate his awareness of the November 2006 trial setting, we disregard the
purported stipulation.  See id.

2.         Presumption of Notice
under Rule 21a:

Under
Texas Rule of Civil Procedure 21a, all notices other than citationCincluding notification of trial
settingsCmay be served by delivering a copy to
the party (1) in person, (2) by agent, (3) by courier receipted delivery, or
(4) by certified or registered mail, properly addressed with prepaid postage,
to the party=s last known address.  See Tex. R. Civ. P. 21a; Osborn v.
Osborn, 961 S.W.2d 408, 411 (Tex. App.CHouston [1st Dist.] 1997, pet.
denied).  If notice of a trial setting is delivered by one of these four
authorized methods, Rule 21a creates a presumption that the notice was received
by the addressee.  See Tex. R. Civ. P. 21a; Mathis v. Lockwood,
166 S.W.3d 743, 745 (Tex. 2005).








However,
because the record contains no evidence that notice was mailed to Ashworth, the
presumption did not arise.  See id. (A[W]e cannot presume that notice was
properly sent; when that is challenged, it must be proved according to [Rule
21a].@).  That a notice was mailed may be
demonstrated, for example, by producing a signed certified-mail receipt[6]
or a mailed-but-returned-unclaimed parcel.  See, e.g., Withrow v. Schou,
13 S.W.3d 37, 39 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  The facts of a
particular case may not provide for proof by one of those methods.  In this
case, however, Brzoska could haveCbut did notCobtained testimony from the trial
court clerk or district clerk, or some other witness with knowledge, to prove
that the notice was mailed or to speak to the procedures for mailing trial
notices.  See, e.g., Sellers v. Foster, 199 S.W.3d 385, 395 (Tex. App.CFort Worth 2006, no pet.); Cont=l Cas. Co. v. Davilla, 139 S.W.3d 374, 380 (Tex. App.CFort Worth 2004, pet. denied). 

Having
failed to present evidence that the trial-setting notice was mailed, Brzoska
now observes that (1) copies of the notice appear in the court=s file, and (2) the other defendants= trial notices were returned as
unclaimed, but Ashworth=s was not.  We are not convinced by these arguments.  The
mere presence of the notice in the court=s file is not evidence that it was mailed,
much less received.  See Sellers, 199 S.W.3d at 395.  Moreover, the fact
that Ashworth=s trial notice was not returned may reflect, as Brzoska argues, that
notice was mailed and received, but it may also support the inference that
Ashworth=s notice simply was not mailed
at all.  Cf. Delgado v. Hernandez, 951 S.W.2d 97, 99 (Tex. App.CCorpus Christi 1997, no writ)
(disregarding fact that mail was not returned, in finding lack of notice).








In
addition, Brzoska did not present evidence that notice was sent by certified
or registered mail.  See Tex. R. Civ. P. 21a.  In fact, the
record shows that regular mail was used to send the trial notices that were
mailed to, but unclaimed by, the other defendants.  Therefore, there is no
presumption of notice under Rule 21a.  See, e.g., Herrera v. Seton Nw. Hosp.,
212 S.W.3d 452, 459 (Tex. App.CAustin 2006, rule 53.7(f) motion granted); Kendrick v.
Garcia, 171 S.W.3d 698, 704 (Tex. App.CEastland 2005, pet. denied) (ANotice by regular mail is not an
authorized method of service under Rule 21a.@); P. Bosco & Sons Contracting
Corp. v. Conley, Lott, Nichols Mach. Co., 629 S.W.2d 142, 143 (Tex. App.CDallas 1982, writ ref=d n.r.e.) (declining to apply Rule
21a presumption to trial-setting postcard sent by regular mail).  Were the
presumption in place, even so, it would have been rebutted when Ashworth denied
receiving notice of the November 2006 trial setting.  See Tex. R. Civ.
P. 21a; Mathis, 166 S.W.3d at 744B45; Cliff, 724 S.W.2d at 779B80.

B.        Failure
to Provide Updated Address

Alternatively,
Brzoska contendsCand the trial court agreedCthat Ashworth=s failure to appear resulted from a
voluntary decision not to notify the trial court of his new mailing address. 
In 1999, we held that the Rules impose a duty on parties and their lawyers to
provide the trial court with a correct mailing address:

It is
implicit in Rule 8 that an attorney in charge is responsible for notifying the
court and opposing counsel of any change in his address immediately and
certainly before any address forwarding order has expired.  Similarly, [Rule
21a] specifies that notices be sent to the party=s last known address, thus imposing a responsibility on the
person to be notified to keep the court and parties apprised of their correct
and current address. . . .  The clerk has a duty to notify the parties of trial
settings and the party has a continuing duty to specify where that notice
will be sent.

 








Withrow v. Schou, 13 S.W.3d 37, 41B42 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied) (second emphasis added).  However, Withrow is distinguishable
because, unlike in the case sub judice, Withrow provided no explanation
for his failure to notify the trial court that his address had changed.[7] 
See generally id. at 39B40.  Withrow should not be read as foreclosing the
possibility of a new trial if the defendant proves that his failure to provide
a correct address resulted from an accident or mistake.  As the Texas Supreme
Court has observed:

Citing Rule 21a=s provision that notice may be sent to a party=s last known address, the court of appeals held that
litigants have a duty Ato keep the court and parties apprised of their
correct and current address.@  Not all
courts of appeals appear to agree.  But even assuming there is such a duty, unless
noncompliance was intentional rather than a mistake, due process requires some
lesser sanction than trial without notice or an opportunity to be heard.

 

Mathis, 166 S.W.3d at 746 (citations
omitted) (emphasis added).  The Supreme Court=s holding dovetails with the first
prong of the Craddock test because, to receive a new trial, the
defendant must prove that his failure to appear did not result from intentional
disregard or conscious indifference.  See Cliff, 724 S.W.2d at 779.  By
extension, then, a new trial is warranted if the defendant proves that his
failure to appear did not stem from an intentional or consciously indifferent
failure to update his mailing address.  See Mathis, 166 S.W.3d at 746.








In
deciding whether appellant=s failure to appear resulted from intentional disregard or
conscious indifference, we look to his knowledge and conduct and will examine
all of the evidence in the record that was before the trial court.[8] 
See Evans, 889 S.W.2d at 269.  We are to apply this first prong
liberally, considering each case on an ad hoc basis.  See Gotcher v. Barnett,
757 S.W.2d 398, 401 (Tex. App.CHouston [14th Dist.] 1988, no writ). AConscious indifference@ means the failure to take some
action that would appear obvious to a reasonable person under similar
circumstances.  Prince v. Prince, 912 S.W.2d 367, 370 (Tex. App.CHouston [14th Dist.] 1995, no writ). 
The controlling fact in this analysis is whether there was a purposeful or
bad-faith failure to appear.  See Gotcher, 757 S.W.2d at 401. 
Therefore, appellant must provide Asome excuse, but not necessarily a
good excuse@ for failing to appear.  See Craddock, 133 S.W.2d at 125; Gotcher,
757 S.W.2d at 401 (approving of Aeven a slight excuse@).  Thus, even a negligent failure to
appear will not preclude the setting-aside of a default judgment.  See Custom-Crete,
Inc. v. K-Bar Servs., Inc., 82 S.W.3d 655, 660 (Tex. App.CSan Antonio 2002, no pet.); State
v. Sledge, 982 S.W.2d 911, 916 (Tex. App.CHouston [14th Dist.] 1998, pet. denied);
Gotcher, 757 S.W.2d at 402.

Ashworth
presented evidence negating the possibility that his failure to update his
address, and his corresponding non-appearance, was intentional or the result of
conscious indifference.  He offered two reasons for this failure.  First, he
insists that his former attorney told him this case had been dismissed. 
Brzoska disputes this notion.  Second, Ashworth explained that he already
defended himself successfully against similar allegations brought by appellee=s father, Allen Brzoska.  Therefore,
he believed that he had been fully exonerated of the conduct alleged by
appellee, Allen Richard Brzoska, and that this lawsuit had finally been
resolved.  Because he did not expect to receive mail on a lawsuit he assumed to
be concluded, he did not notify the trial court of his new mailing address.








Hearing
this explanation, the trial court reasoned that appellant nonetheless voluntarily
chose not to update his address.  However, a failure to appear is not intentional
or due to conscious indifference merely because it was deliberate or voluntary;
it must also be without adequate justification.  See Sledge, 982 S.W.2d
at 914 (citing Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d
467, 468 (Tex. 1995)).  The trial court was presented with no evidence to
controvert appellant=s factual assertions that he misunderstood the legal effect
of the previous judgment.  In deciding whether a defendant has acted with
conscious indifference, courts are to make some allowances for a pro se litigant=s misunderstanding of the law.  See
Wheeler v. Green, 157 S.W.3d 439, 442 & n.1 (Tex. 2005) (drawing
distinction between mistakes committed by lawyers and those of pro se
litigants).  A mistaken belief that a lawsuit has been resolved or dismissed,
if uncontroverted, negates intentional disregard or conscious indifference.  See
Sledge, 982 S.W.2d at 915B16; Wheeler, 157 S.W.3d at 442.

                                                                CONCLUSION

Because
the record demonstrates that appellant did not receive notice of the trial
setting, he satisfies the first Craddock prong and need not prove the
existence of a meritorious defense.  See Lopez, 757 S.W.2d at 723. 
Accordingly, we reverse the trial court=s judgment and remand this proceeding
for a new trial.

 

/s/      Jeff Brown

Justice

 

 

Reversed and Remanded, and Opinion
filed November 4, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.









            [1]           Brzoska=s lawyer, Gary Stephens, has been involved in other
litigation against appellant.  Ashworth claims that Stephens was aware of the
new mailing address because of his involvement in the separate litigation.





            [2]           Appellant
was no longer receiving mail addressed to mailbox #16.  Acknowledging that he
received the proposed judgment at that address, however, he explained that
Speedy Astill had a [certified mail] yellow slip that had been
left behind by their B they have some young boys working for them that
stuffed the mailboxes, and the owner was there, and he caught it, and he gave
me that.  So I rushed down and got this letter, then immediately called Mr.
Stephens.@





            [3]           A
notice of appeal must Astate the name of each party filing the
notice[.]@  Tex. R. App. P. 25.1(d)(5) (emphasis added). 
Although judgment was rendered against Douglas Ashworth, Sterling Redfern
Corporation and Loch Energy, Inc., only Ashworth is identified on the notice of
appeal.  See id.; Doran v. Clubcorp USA, Inc., No.
05-06-01511-CV, 2008 WL 451879, at *3 (Tex. App.CDallas Feb. 21, 2008, no pet.) (mem. op.) (AWe have no jurisdiction to consider issues brought by
a party who does not file or join in a timely notice of appeal.@).  Similarly, appellant=s brief does not attempt to challenge the validity of the judgment
against Sterling or Loch Energy.





            [4]           Whether
a defendant who receives no notice of a trial setting must satisfy the third Craddock
prong appears to be the subject of disagreement among Texas appellate courts.  See
In re Marriage of Parker, 20 S.W.3d 812, 817 (Tex. App.CTexarkana 2000, no pet.) (surveying varying approaches
employed by appellate courts).  We need not decide that issue here; Brzoska
does not contend, nor does the record indicate, that a new trial will work an
injury to him.  See Cliff, 724 S.W.2d at 779.





            [5]           Brzoska
now complains that Ashworth=s denial was
not made under oath.  Because Brzoska failed to object when appellant offered
evidence based on his personal knowledge, however, we hold that Brzoska waived
the oath requirement.  See Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex.
2005).





            [6]           See,
e.g., Romano v. Newton, No. 03-06-00255-CV, 2007 WL 2509838, at *3 (Tex.
App.CAustin Sept. 6, 2007, no pet.) (mem. op.); Childers
v. Childers, No. 14-03-01266-CV, 2004 WL 3557381, at *1 (Tex. App.CHouston [14th Dist.] Nov. 24, 2004, no pet.) (mem.
op.).





            [7]           We also
note that, unlike here, the record in Withrow conclusively demonstrated
that the trial-setting notice was in fact mailed to the party=s last known address.  See id. at 39, 40. 
After appellant denied receiving notice, it became Brzoska=s obligation to present evidence controverting the
denial.  See Cliff, 724 S.W.3d at 779; Old Republic Ins. Co., 873
S.W.2d at 382.  That burden necessarily required evidence that notice was
actually mailed.  See Sellers, 199 S.W.3d at 395.





            [8]           Several
months after the judgment became final and the trial court lost plenary power,
Brzoska attempted to supplement the record with affidavits from a private
investigator and his attorney=s legal
secretary.  However, these affidavits were neither presented to nor considered
by the trial court, and we therefore do not include them in our review.  See,
e.g., Hamel v. Providence Constr., Inc., No. 04-03-00766-CV, 2004 WL
1968277, at *2 n.1 (Tex. App.CSan Antonio
Sept. 8, 2004, pet. denied) (mem. op.).