Affirmed and Memorandum Opinion
filed July 19, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01154-CV



Johnny O. Mamou, Appellant 

v.

Betty Sias, Appellee 



On Appeal from
the 328th District Court

Fort Bend County, Texas

Trial Court
Cause No. 02-DCV-125268



 

MEMORANDUM OPINION 

Appellant Johnny O. Mamou appeals the trial court’s
default judgment in a suit to modify the parent–child relationship.  In his
sole issue on appeal, appellant challenges the default judgment on the basis
that he did not receive notice of the trial.  We affirm. 

Background

On June 14, 2007, Betty Sias filed a petition to
modify the parent-child relationship, seeking an increase in Mamou’s monthly
child support obligation.  On January 25, 2010, Mamou, acting pro se, filed a
counter-petition to modify the parent–child relationship, requesting that he
have the right to establish the primary residence of the child.  The trial
court held the trial on the matter on October 19, 2010.  Mamou, however, did
not appear.  On October 25, 2010, the trial court signed a default judgment,
increasing Mamou’s child support from $740.00 per month to $1,233.48 per month
and ordering Mamou to pay retroactive child support in the amount of
$19,245.72.  The trial court sent Mamou notice of the court’s judgment on
October 27, 2010.  Mamou did not file a motion for new trial or otherwise seek
to set aside the judgment in the trial court.  Instead, on November 12, 2010,
Mamou filed a notice of appeal.  

Analysis

In his sole issue in this appeal, Mamou contends that
there is no evidence that he received proper notice of the trial date. 
Specifically, Mamou asserts that he was not “duly notified” of the trial date
because he had received conflicting notices regarding the trial date.  

In order for a defendant to have a default judgment
set aside, he must demonstrate that (1) his failure to appear was not
intentional or the result of conscious indifference; (2) there is a meritorious
defense; and (3) the granting of a new trial will not operate to cause delay or
injury to the opposing party.  Craddock v. Sunshine Bus Lines, Inc., 134
Tex. 388, 133 S.W.2d 124, 126 (1939).  The Craddock requirements apply
to post-answer default judgments.  Dolgencorp of Tex., Inc. v. Lerma,
288 S.W.3d 922, 926 (Tex. 2009) (per curiam); Dir., State Emp. Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).  Once a defendant has
made an appearance in a cause, he is entitled to notice of the trial setting as
a matter of due process under the Fourteenth Amendment to the United States
Constitution.  LBL Oil Co. v. Int’l Power Servs., Inc., 777 S.W.2d 390,
390–91 (Tex. 1989) (per curiam) (citing Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80 (1988)).  If the defendant did not receive notice of a trial
setting, he satisfies the first prong of Craddock.  Ashworth v.
Brzoska, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[1]  

It is undisputed that Mamou received the court’s notice of the
October 19, 2010 trial setting from Sias’s attorney—the certified letter which
contained the notice of the October 19, 2010 trial setting is part of the
record.  However, Mamou contends that he was misled into believing that the
case had been reset.  Specifically, Mamou argues on appeal that Sias’s attorney
sent him a document apparently provided by the 328th District Court entitled,
“Are You Ready For Final Trial?”  The document, according to Mamou, is a
checklist suggesting that “[i]f you can’t check off each of these items, then
you are not ready for trial and your case will be reset.”[2]  However, because
the document upon which Mamou relies is attached to his brief and is not part
of the appellate record, we may not consider it.  See Nogle & Black
Aviation, Inc. v. Faveretto, 290 S.W.3d 277, 286 (Tex. App.—Houston [14th
Dist.] 2009, no pet.); Canton-Carter v. Baylor Coll. of Med., 271 S.W.3d
928, 931 n. 2 (Tex. App.—Houston [14th Dist. 2008, no pet.).  

Moreover, after Mamou received notice of the
judgment, he did not file a motion for new trial, but, instead, filed his
notice of appeal on November 12, 2010, eighteen days after the October 25, 2010
judgment.  Therefore, Mamou knew about the judgment within the thirty-day
period in which to file a motion for new trial.  See Tex. R. Civ. P. 329b.  

A motion for new trial to set aside a default
judgment is a complaint on which evidence must be heard.  Puri v. Mansukhani,
973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing Tex. R. Civ. P. 324(b)(1)).  When extrinsic evidence is necessary to
challenge a default judgment, a motion for new trial filed in the trial court
is a prerequisite to complaining on appeal that it should be set aside.  Llorance
v. Sohi, No. 01-07-00840-CV, 2008 WL 1747921, at *3 (Tex. App.—Houston [1st
Dist.] Apr. 17, 2008, no pet.) (mem. op.); In re J.D.K., No.
2-06-280-CV, 2007 WL 2792487, at *1 (Tex. App.—Fort Worth Sept. 27, 2007, no
pet.) (mem. op.); see also In re Marriage of Collins & Tipton, No.
07-06-0314-CV, 2008 WL 3930559, at *2 (Tex. App.—Amarillo Aug. 27, 2008, no
pet.) (mem. op.) (holding that, because the appellant failed to file a motion
for new trial, he failed to preserve complaint on appeal that the trial court
erred by entering a default judgment).  This is so the trial court has the opportunity
to consider and weigh evidence.  Ginn v. Forrester, 282 S.W.3d 430, 432
(Tex. 2009) (per curiam); see also Harris v. Burks, No. 01-06-00128-CV,
2007 WL 1776048, at *2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.)
(mem. op.) (explaining that complaints regarding a trial court’s failure to set
aside a default judgment must be raised in a motion for new trial because the
trial court must hear evidence to determine whether the Craddock factors
have been met).  

Mamou frames his complaint of lack of notice as a
no-evidence issue.  An appellant may raise complaints concerning the legal
sufficiency of the evidence in a nonjury trial for the first time on appeal.  Tex. R. App. P. 33.1(d); In re J.P.,
296 S.W.3d 830, 835 n.7 (Tex App.—Fort Worth 2009, no pet.).  However, Mamou
seeks the reversal of a default judgment—a complaint requiring a motion for new
trial to preserve error for appellate review.  By failing to file a motion for
new trial or otherwise seeking to set aside the default judgment in the trial
court, Mamou has waived for appellate review his complaint that the trial court
entered a default judgment without proper notice of the trial.  See
Washington v. Taylor, No. 01-08-00255-CV, 2010 WL 1571201, at *2 (Tex.
App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (mem. op.) (holding that that
the appellant waived his complaint that he did not receive notice of hearing
where he did not file a motion for new trial); see also In re Marriage of
Collins & Tipton, 2008 WL 3930559, at *2; Llorance, 2008 WL
1747921, at *3; In re J.D.K., 2007 WL 2792487, at *1.  We overrule
appellant’s sole issue.  

Having overruled appellant’s sole issue in this
appeal, we affirm the judgment.

 

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Jamison, and McCally.

 









[1]
If the defendant did not receive notice, it is also not necessary for him to
prove the existence of a meritorious defense.  Lopez v. Lopez, 757
S.W.2d 721, 723 (Tex. 1988) (per curiam).  This court has recognized that
whether a defendant who receives no notice of a trial setting must satisfy the
third Craddock prong appears to be the subject of disagreement among
Texas appellate courts.  See Mallory v. Mallory, No. 14-06-01009, 2009
WL 1886110, at *2 n.3 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.)
(mem. op. on reh’g); Ashworth, 274 S.W.3d at 329 n.4.  However, we need
not address that issue in this appeal.  





[2]
Emphasis in the original.