Opinion issued August
25, 2011.



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-09-00237-CV

———————————

Richard Guerrero and Guiseppe Recine, Appellants

V.

Memorial
Turkey Creek, LTD. and George N. Polydoros, Appellees



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No.
2008-21312

 



 

MEMORANDUM
OPINION

Richard Guerrero and
Guiseppe Recine appeal from (1) the grant of both traditional and no-evidence
motions for summary judgment in favor of appellees Memorial Turkey Creek
Ltd. and George N. Polydoros; (2) the grant of their first attorney’s Motion to
Withdraw; and (3) the denial of their motion for new trial.  

We affirm.

Background

          Guerrero and Recine’s commercial lease from Memorial
Turkey Creek Ltd. encountered “build-out” delays resulting in their not taking
possession or commencing rent payments pursuant to the lease and Memorial
Turkey Creek sued for breach of contract.  Appellants added Polydoros, the contractor for the build-out, as a
third-party defendant and counterclaimed for breach of contract, deceptive
trade practices, common law fraud, statutory fraud, and conversion.

The trial court granted appellants’ attorney’s
motion to withdraw for unpaid attorney’s fees.  Eleven days later, appellees
filed both a traditional and a no- evidence motion for summary judgment to
which Guerrero and Recine, now without counsel, failed to respond.  The court subsequently
granted both motions for summary judgment and awarded judgment against
appellants, jointly
and severally,
for $69,688.36, an additional $23,000.00 in attorney’s fees, and post-judgment
interest.

Guerrero, acting pro se, filed a timely
handwritten and unverified motion for new trial on behalf of both himself and
his business partner, Recine, contending that the trial court erred in granting
the motions for summary judgment because it did so “without knowing all the facts” and
stating that their failure to respond to the summary judgment motions was “due
to confusion created by the deceptive trade practices.”  Guerrero alone signed
the motion.

Seeking to vacate the order granting both motions for summary
judgment and the opportunity to submit a response, appellants’ newly-hired
second attorney filed a document entitled “Brief in Support of Defendants’ and
Third-Party Plaintiffs’ Motion for New Trial.”  This brief clarified that the
prior failure to respond to the summary judgment motions was due to the fact
that, as pro se litigants, the appellants neither knew that a response
was required nor appreciated the consequences of not responding.  Appellants
also challenged the sufficiency of the summary judgment evidence for the first
time in this brief.

During the hearing on the motion for new trial, the appellants’
second attorney acknowledged that his clients were notified of the motions’
submission date, but urged the court to set aside the default summary judgments
under the Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939)
line of cases because, as unrepresented laymen, Guiseppe and Recine did not
understand the practical implications of that notice.  This motion was
unaccompanied by any affidavits or supporting testimony.  Four days later, the
trial court denied the motion for new trial and three days thereafter,
Guerrero, once again pro se, filed a notice of appeal reciting: “Richard
Guerrero and Guiseppe Recine desire
to appeal from the order signed on March 11 denying their motion for
retrial/reconsideration of summary judgment . . . .”  Like the prior pro se
Motion for New Trial, this pro se notice of appeal, too, bore Guerrero’s
lone signature.

After receiving the notice of appeal, this Court issued an
order acknowledging that both the motion for new trial and the notice of appeal
were signed only by Guerrero who, unlicensed as an attorney, could not sign for
Recine.  This Court gave further notice that it might, without further notice,
dismiss Recine’s appeal for want of jurisdiction unless he filed a document
with the Court Clerk demonstrating why this Court had jurisdiction to hear his
appeal.  

Recine, through his and Guerrero’s newly hired third
attorney, responded by filing an unopposed motion to retain his appeal and a
motion for extension of time to file his brief.  This Court then issued an order in which we noted
that Guerrero’s notice of appeal was filed 4 days late and that he had not filed
a motion for extension of time.  We informed Guerrero that if he did not reasonably explain his
failure to timely file his notice of appeal within 15 days of the date of the
order we would dismiss his appeal for want of jurisdiction.  

Guerrero and Recine filed a motion for extension of time to
file their notice of appeal in which they stated that Guerrero filed the notice
of appeal for both of them and he did so “based on his understanding of the advice of his former
counsel regarding when the notice of appeal was due” and that the late filing
was not intentional, but rather “was the result of inadvertence, mistake or
mischance.”[1] 


Recine

Subject matter jurisdiction cannot be waived
and may be raised by the court on its own motion or for the first time on
appeal.  See Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000). 
Recine was not represented by counsel at the time the notice of appeal was due. 
See Tex. R. App. P.
26.1(a) (“[T]he notice of
appeal must be filed within 90 days after the judgment is signed if any party timely files . . . a motion
for new trial . . . .”) (emphasis added).  Instead, his
business partner and co-defendant Guerrero attempted to file a pro se
notice of appeal on both his and Recine’s behalf.  

Although a layperson has the right to
represent himself, those without a license to practice law have no right to
represent others.  Jimison by Parker v. Mann, 957 S.W.2d 860, 861 (Tex.
App.—Amarillo 1997, no writ).  While Guerrero could represent himself pro se,
he could not act as an attorney for Recine or file a notice of appeal on Recine’s behalf. 
See Paselk v. Rabun, 293 S.W.3d 600, 605 (Tex. App.—Texarkana
2009, no pet.)  (holding notice of appeal filed by one pro se litigant
on behalf of himself and second pro se litigant, who did not sign the notice,
was not proper as to non-signing litigant and dismissing second litigant’s
appeal for want of jurisdiction); see also Tex. R. App. P. 9.1(b) (“A
party not represented by counsel must sign any document that the party files. .
. .”).

Although Recine’s third attorney subsequently
filed an amended notice of appeal on his and Guerrero’s behalf, that notice was
well beyond the ninety-day deadline.  Accordingly, the record contains no
timely notice of appeal filed by Recine.  Therefore,
this Court lacks jurisdiction over Recine and we dismiss Recine’s appeal and
his pending motions for want of jurisdiction.

Guerrero

Guerrero presents the following four
issues on appeal: (1) the trial court abused
its discretion when it granted appellees’ no-evidence motion for summary
judgment in violation of its own docket control order, (2) the trial court erred when it granted appellees’ no-evidence
motion for summary judgment without allowing adequate time for discovery, (3) the
trial court abused its discretion when it granted summary judgment against him
after the court improperly allowed appellant’s first counsel to withdraw and
did not give him time to secure new counsel, and (4) the trial court’s granting
of appellees’ no-evidence motion for summary judgment, which was done in
violation of the court’s own docket control order, effectively deprived him of
notice that the motion was being considered and violated his due process
rights.

 

Docket Control Order and Due
Process

In his first issue, Guerrero
contends that the trial court abused its discretion when it granted
appellees’ no-evidence motion for summary judgment in violation of its own
docket control order and violated his due process rights.

Trial courts have the inherent power
to control their docket.  See Choucroun v. Sol L. Wisenberg Ins.
Agency-Life & Health Div., Inc., No. 01-03-00637-CV,
2004 WL 2823147, at *4 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, no pet.) (mem. op.) (citing Ocean Transp., Inc. v. Greycas,
Inc., 878 S.W.2d 256, 262 (Tex. App.—Corpus Christi 1994, writ denied)). 
This discretion includes the power to modify a docket control order.  See
id. (holding trial court did not err in allowing party to file motion for
summary judgment in violation of existing docket control order); Trevino v.
Trevino, 64 S.W.3d 166, 170 (Tex. App.—San Antonio 2001, no pet.) (stating trial
court implicitly modified
docket control order by overruling plaintiffs’ motion to strike
defendants’ late-filed motion for summary judgment) (quoting Ocean Transp., 878
S.W.2d at 262 (trial court
impliedly modified
scheduling order
by denying motion to strike expert witnesses and did not abuse its inherent
right to change or modify
scheduling order)).
 Accordingly, the trial court did not abuse its discretion by
considering appellees’ no-evidence summary judgment motion prior to the deadline
set in the court’s earlier docket control order.  

For the first time on appeal,
Guerrero contends that the trial court’s granting of the
no-evidence motion for summary judgment in direct contravention of its existing
docket control order effectively deprived him of notice and violated his right
to due process.  The record does not reflect that Guerrero raised his due process challenge with the trial court. 
Accordingly, Guerrero has failed to preserve
error with regard to this issue.  See In re L.M.I., 119 S.W.3d
707, 711 (Tex. 2003) (holding that due process challenge must generally be preserved); Mitchell
v. Verizon Bus. Network Servs., Inc., No. 01-08-00132-CV, 2009 WL 1086951,
at *4 (Tex. App.—Houston [1st Dist.] Apr. 23, 2009, no pet.) (mem. op.)
(applying same rule to due
process challenge with respect to grant of summary judgment
motion).[2]

We overrule Guerrero’s first issue.

Inadequate
Time for Discovery

In his second issue, Guerrero contends
that the trial court erred when it granted appellees’ no-evidence motion for
summary judgment without allowing adequate time for discovery.  To preserve a
complaint that the trial court’s decision on a summary judgment motion was premature,
the party claiming it did not have adequate time for discovery must file either an affidavit
explaining the need for further discovery or a verified motion for
continuance.  Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996).  Guerrero did neither. 
Accordingly, Guerrero failed to preserve any
alleged error.  

We overrule Guerrero’s second issue.

Motion
to Withdraw

In his third issue, Guerrero contends that the trial court
abused its discretion when it granted summary judgment against him after the
court improperly allowed Guerrero’s first counsel to withdraw and did not give
him time to secure new counsel.

An attorney may withdraw from representation of a client only if
the attorney satisfies the requirements of Rule 10 of
the Texas Rules of Civil Procedure.  O’Kane v. Chuoke, No. 01-05-00523-CV,  2007 WL 926494,
at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.) (citing
to Rogers v. Clinton, 794 S.W.2d 9, 10 n.1 (Tex. 1990)).  Rule 10 permits counsel to withdraw only upon written motion showing
good cause.  Id.  If no counsel is substituting for the withdrawing
attorney, counsel’s motion must state “that a copy of the motion has been
delivered to the party; that the party has been notified in writing of his
right to object to the motion; whether the party consents to the motion; the
party’s last known address and all pending settings and deadlines.”  Tex. R. Civ. P. 10.  A trial court abuses its discretion when
it grants a motion to withdraw which does not comply with the mandatory
requirements of Rule 10.  Gillie v. Boulas,
65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied).

Guerrero is challenging the order granting his counsel’s
motion to withdraw for the first time on appeal.  Guerrero did not raise this
issue in his motion for new trial, the brief offered in support of his motion,
or during the hearing on his motion where he was represented by counsel.  Accordingly, the error, if any, was waived.  See O’Kane, 2007 WL 926494, at *2 (noting that failure to specify any pending settings or deadlines
in motion to withdraw may violate client’s right to due process; concluding
alleged error was not fundamental and party’s failure to object to motion to withdraw at
trial court level waived error).  

We overrule Guerrero’s third issue.

Motion
for New Trial

In his fourth issue on appeal, Guerrero contends that he was
entitled to rely upon the docket control order which provided that no-evidence
motions for summary judgment would not be considered until a certain date and
that by considering and granting the no-evidence motion before that date, the
trial court ignored its own order, and in doing so, effectively deprived him of
notice that the motion was being considered and violated his due process
rights.  Guerrero further contends that a result, his motion for new trial
should have been granted without appellant having to prove anything else,
citing to Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988)
(stating that because record established that appellant had no actual or
constructive notice of trial setting, lower court erred in requiring him to
show that he had a meritorious defense as a condition to granting his motion
for new trial under Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939)).

First, Guerrero did not raise either his due process
challenge or his lack of notice challenge with the trial court.  Second, even
if Guerrero had raised these issues below, he would still not be entitled to
relief on either basis.  Unlike in Lopez, Guerrero’s counsel
acknowledged during the hearing on his motion for new trial that both Guerrero
and Recine had actual notice of the motion’s submission date, but that they
simply did not understand the implications of the notice provided to them. 
Moreover, as previously discussed, the trial court’s
implicit modification of its own docket control order does not necessarily
constitute an abuse of discretion.  See Choucroun, 2004 WL 2823147, at *4
(holding trial court did not err in
allowing party to file motion for summary judgment in violation of existing
docket control order); Ocean Transp., 878 S.W.2d at 262 (trial court impliedly
modified scheduling
order by
denying motion to strike expert witnesses and did not abuse its inherent right
to change or modify
scheduling order)).
 

We overrule Guerrero’s fourth issue.

 

 

Conclusion

We affirm the judgment of the trial
court.

 

 

                                                                        Jim
Sharp

                                                                        Justice


 

Panel consists of
Justices Keyes, Sharp, and Massengale.

 

 









[1]           The Court granted Guerrero’s motion for an
extension of time to file his appeal.





[2]           We note that the fact that Guerrero was proceeding pro se for a
portion of the time does not excuse his failure to preserve error.  Weaver v. E-Z Mart Stores, Inc.,
942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.) (stating “[a] party
proceeding pro se must comply with all applicable procedural  rules” and
is held to same standards as licensed attorney).