**Kenneth MAHAND, Appellant,**

v.

**George DELANEY, Appellee.**

No. 01–00–01265–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 8, 2001.

Kenneth Mahand, Law Offices of Kenneth Mahand, Houston, for Appellant.

Joe C. Holzer, Andrews & Kurth LLP, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TAFT, Justice.

Appellant, Kenneth Mahand, challenges a post-answer default judgment rendered against him and in favor of appellee, George Delaney. We review whether the trial court abused its discretion by denying Mahand's motion for new trial after rendering the default judgment against Mahand, when Mahand claimed he had not received reasonable notice of the trial setting. We reverse.

### Facts

In 1988, Delaney, an attorney, agreed to represent Roger Hammock on a contingency-fee basis. The Delaney–Hammock agreement provided that Delaney could associate other attorneys in the case. Delaney then associated Mahand, an attorney with whom he had been sharing office space. Mahand agreed to represent Hammock and to divide any earned fees equally with Delaney.

In late 1992, Hammock sent a letter to Delaney, advising him that Hammock was about to hire another lawyer and wanted his case file returned. In 1993, Mahand entered into a separate contingency fee agreement with Hammock, under which Mahand was to receive 20% of Hammock's recovery. A few months later, Mahand told opposing counsel not to contact Delaney again because he was Hammock's attorney. In 1995, Mahand and Hammock amended their agreement, increasing Mahand's contingency fee to ⅓ of Hammock's recovery.

Later that year, Hammock's case settled for $1,075,000. Mahand received $358,333.33 and Hammock received the remainder. Neither Mahand nor Hammock paid Delaney anything. Delaney sued Mahand for breach of contract and tortious interference with contractual relations. Mahand answered with a general denial and later filed an amended answer in which he raised several affirmative defenses.

On June 23, 2000, the trial court signed an order setting the trial on August 17, 2000. On June 26, 2000, the court coordinator faxed that order to Joe C. Holzer, Delaney's attorney, asking him to "notify all [the] parties."[1] Holzer did not have Mahand's address because Mahand had moved without notifying the trial court or opposing counsel. Holzer, however, had Mahand's telephone number. On August 16, 2000, the day before trial, Holzer called Mahand and left a message, advising him that trial was set for the following morning.[2] Mahand did not return Holzer's call. At 5:33 p.m. on the same day, Holzer sent a fax to Mahand advising Mahand of the trial setting. On the same day, Holzer managed to retrieve Mahand's address, and arranged for the hand delivery of a letter to Mahand. The delivery person left the letter on the front porch of Mahand's home, where Mahand claims to have picked it up the next day after the trial had already started.

Mahand did not appear for trial the following day. Delaney announced ready, and, after a bench trial, the trial court granted a judgment for $165,000 in Delaney's favor. The trial court also awarded Delaney $10,000 in attorney's fees. On September 8, 2000, after the trial court signed the judgment, Mahand filed a request for findings of fact and conclusions of law. Ten days later, Mahand moved for a new trial, arguing he did not receive notice of the trial. After holding a hear-ing, the trial court denied Mahand's motion, and Mahand appealed.

## Post–Answer Default Judgment

 In his first point of error, Mahand asserts the trial court erred by rendering a default judgment because he did not receive notice of the trial.[3] "A post-answer default is one rendered when the defendant has filed an answer, but fails to appear at trial." *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); *Wiseman v. Levinthal,* 821 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.] 1991, no writ). The rules trial courts follow to determine whether to grant a motion for new trial after a default judgment were articulated in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). When a defendant challenges a default judgment because he failed to appear for a trial setting, *Craddock* requires the following to be alleged and shown:

1. The defendant's failure to appear was not intention al, or the result of conscious indifference, but was due to a mistake or accident. *Craddock,* 133 S.W.2d at 126.

2. The defendant has a meritorious defense. *Id.*

3. The motion for new trial is filed when it will not occasion a delay or otherwise work an injury to the plaintiff. *Id.; see also Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 97 (Tex.1986).

---

1. The trial court had reset the case on three separate occasions, and, in every instance, the court coordinator faxed the order to Holzer telling him to notify all the parties, and, in every instance, Holzer complied. Mahand is a resident of Harris County and the trial court is located in Galveston County. Although Texas Rule of Civil Procedure 246 requires the clerk to notify any non-resident attorney of the trial date setting, this issue was not raised by either party.

2. Holzer telephoned Mahand several times *before* receiving the trial-setting order, but Mahand did not return the phone calls. Mahand claims Holzer knew his current telephone and fax numbers because the two had communicated in March and May of the same year.

3. Mahand challenges the trial court's findings of fact and conclusions of law in his remaining points of error.

In reviewing the trial court's ruling on the motion for new trial, we leave the question whether the defendant has satisfied the *Craddock* test to the trial court's discretion and will not disturb the court's ruling unless the court abuses its discretion. *Wiseman,* 821 S.W.2d at 441 (citing *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987)).

## A. Conscious Indifference

Conscious indifference has been defined as the failure to take some action that would seem indicated to a person of reasonable sensibilities under the circumstances. *Johnson v. Edmonds,* 712 S.W.2d 651, 652–53 (Tex.App.—Fort Worth 1986, no writ); *Dreisbach v. Reed,* 780 S.W.2d 901, 903 (Tex.App.—El Paso 1989, no writ). Even a slight excuse may justify a new trial. *See Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966); *Sharpe v. Kilcoyne,* 962 S.W.2d 697, 701 (Tex.App.—Fort Worth 1998, no pet.).

Rule 21a of the Rules of Civil Procedure provides that all notices, other than citation, may be served by delivering a copy of the notice or document to the party, his duly authorized agent, or his attorney of record. *See* Tex.R. Civ. P. 21a; *Green v. McAdams,* 857 S.W.2d 816, 819 (Tex.App.—Houston [1st Dist.] 1993, no writ). "Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process." *Green,* 857 S.W.2d at 819 (quoting from *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)).

As a general rule, a party is entitled to "notice of not less than 45 days ... of a first setting of trial...." Tex.R. Civ. P. 245. However, "when a case previously has been set for trial, the [trial court] may reset [the case] to a later date on *any reasonable notice* to the parties...." *Id.* (emphasis added). Because the case had been reset for trial, we must decide whether Mahand received reasonable notice.

Mahand remained in contact with the court during the entire period in question. Although Mahand did not inform the court of his latest address change, the record clearly indicates that the court had ordered Holzer to contact Mahand of the new trial date. Mahand received Holzer's fax the day before trial at 5:33 p.m., and a courier left Holzer's letter on Mahand's porch the day before trial as well. "Service by telephonic document transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following day." Tex.R. Civ. P. 21a. Because Holzer's fax was received at 5:33 p.m. on August 16, 2000, Mahand did not receive notice of the trial by fax until August 17, 2000, the day of the trial. Moreover, notice may be served "either in person or by agent or by courier receipted delivery." *Id.* In this case, Mahand stated in his verified motion for a new trial, which Holzer did not controvert: (1) the courier did not personally deliver the letter to Mahand, and (2) the courier did not obtain a signed certificate of delivery and merely dropped the letter on Mahand's porch. In his verified motion, Mahand stated he did not discover the letter until the evening of August 17, 2000.[4] Even if Mahand had received the fax or letter, notice on the eve of trial can hardly be considered reasonable.

The record shows that Mahand did not receive notice of the trial until August 17,

**4.** Holzer sent two certified letters in May 2000; however, Holzer states in appellee's brief that the letters were an attempt to notify Mahand of Holzer's motion to withdraw as the attorney of record.

2000, the day of the trial. Although Mahand has not explained failing to report his change of address to the trial court or opposing counsel, the fact remains that the trial court delegated to Holzer the task of giving Mahand reasonable notice of the trial date, and Holzer had the ability to contact Mahand by fax or phone. Holzer did not attempt to give Mahand notice of the trial by fax or phone until the day before trial even though he could have faxed the notice to Mahand earlier.

Thus, Mahand's failure to appear for trial was not intentional or the result of conscious indifference, but due to never receiving reasonable notice. Accordingly, Mahand has met the first prong of the *Craddock* test.

## B. Meritorious Defense and Delay or Injury to the Plaintiff

The second prong of the *Craddock* test requires that Mahand demonstrate that he has a meritorious defense warranting a new trial. Under the third prong of *Craddock*, Mahand must demonstrate that his "motion for new trial [was] filed when it [would] not occasion a delay or otherwise work an injury to the plaintiff." *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see also Angelo*, 713 S.W.2d at 97.[5] We address whether, in the absence of notice of the trial setting, Mahand had to meet the second and third prongs of *Craddock*.

## C. Due Process

 When the record shows that a party had no notice of the new trial setting, it violates due process to require proof of a meritorious defense as a prerequisite to the granting of a new trial. *Green*, 857 S.W.2d 816 at 819 (citing *Peralta v. Heights Medical Center Inc.*, 485 U.S. 80,

85–87, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988) and *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988)). *Lopez* dispensed with the second prong of *Craddock* when a party never received notice of a new trial setting. 757 S.W.2d at 723. *Lopez* did not address the third prong of the *Craddock* test. *Id.*

Today, we extend the *Lopez* principle in lack-of-notice cases to the third *Craddock* prong and dispense with the requirement that appellant must show that a motion for new trial would not cause delay or injury to the plaintiff in the absence of reasonable notice of the trial setting. As the United States Supreme Court emphatically stated in *Peralta*, "only wip[ing] the slate clean ... would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place." 485 U.S. at 87–88, 108 S.Ct. at 900. We believe there is no logical or jurisprudential reason not to apply the same due process analysis to both the second and third prongs when appellant has had no notice of a trial setting. This application is particularly compelling because, in these situations, it is the defendant who suffers delay or injury, not the plaintiff. Even if the failure of notice were not the fault of the plaintiff, unlike this case, due process requires that appellant be afforded a "clean slate."

We sustain Mahand's first point of error. Therefore, it is unnecessary to address Mahand's remaining points of error.

## Conclusion

We reverse the judgment and remand the cause for further proceedings.

---

**5.** Mahand has not offered any evidence that the plaintiff would not be prejudiced if the court granted his motion for a new trial.