Opinion issued May 20, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00301-CV




TAMI LEIGH STEAMBARGE, Appellant

V.

CARLOS E. ROSARIO, JR., Appellee




On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 02-FD-1199




MEMORANDUM OPINION
           Appellant, Tami Leigh Steambarge, appeals the agreed order modifying the parent-child relationship rendered against her by default and granting her one hour of supervised
visitation per month with her child. We reverse and remand for further proceedings. 
 

BACKGROUND
           Steambarge gave birth to a child out of wedlock on October 29, 1998. In December
2000, a Harris County district court signed an agreed order of parentage, naming Carlos E.
Rosario, Jr. as the biological father of the child. The order named Steambarge and Rosario
as joint managing conservators of the child, gave Steambarge the exclusive right to designate
the child’s domicile, and granted standard visitation rights to Rosario. In March 2002,
Rosario filed a petition to modify the parent-child relationship requesting that he be made
sole managing conservator based on Steambarge’s history of drug and alcohol abuse. In May
2002, Steambarge’s mother, Mary Lou Jackson, filed a petition titled “Motion to Modify for
Grandparent Access and Supervised Visitation” in which she agreed that Rosario should have
custody of the child, requested that Steambarge’s visits with the child be supervised, and
asked that Jackson be granted reasonable access to the child. Jackson also requested that
venue be transferred to Galveston County, the principal residence of Steambarge and the
child. 
           Following the transfer, the district court in Galveston County entered an order
requiring Jackson to be present at all times while Steambarge was with the child and granting
Rosario expanded visitation. In September, that court scheduled a pretrial conference for
December 6, 2002 and set the case for a December 11 jury trial. The trial court also granted
Steambarge’s attorney’s request to withdraw from the case. 
           Rosario filed a motion to dismiss Jackson’s petition for lack of standing, and the
associate judge of the court granted the motion. Jackson appealed the ruling, and a hearing
de novo was scheduled for December 11, the day of the jury trial. Rosario also filed a no-evidence motion for summary judgment against Jackson, and that motion was set for a
December 11 hearing. 
           At the December 6 pretrial conference, the trial court first discussed a letter it had
received from Steambarge, stating that she could not appear at the December 6 hearing or the
December 11 trial because she was entering a rehabilitation program. Steambarge requested
that the court reset the trial date for a time when she could be present. The trial court stated
on the record that “as far as I’m concerned I’m not granting” the request. The trial court then
heard Jackson’s motion for a continuance, which was based on Rosario’s failure to respond
to discovery requests. The trial court indicated that the disposition of other issues to be
considered on December 11—Jackson’s appeal of the dismissal of her petition and Rosario’s
motion for summary judgment—might make a jury trial unnecessary. The judge stated,
“We’ll have the appeal at 10:30 on Wednesday morning (December 11), and I’m going to
continue the jury trial. And whether or not you get that rescheduled would depend on the
outcome of the appeal on Wednesday morning.” The trial court signed the following order: 
On this day the Court considered the Motion for Continuance of MARY
LOU JACKSON, Movant, and finds that the motion should be GRANTED. 
 
IT IS THEREFORE ORDERED that the trial presently set for
December 11th, 2002, at 10:30 o’clock a.m., in the 306th District Court of
Galveston County, Texas, is continued and shall be reset to generally . . . .
 
SIGNED AND ENTERED THIS THE 6th DAY OF December, A.D.,
2002.

           On December 11, Rosario, Jackson, their attorneys, and the guardian ad litem for the
child appeared before the trial court. The attorneys announced that their clients had entered
into a rule 11 agreement


 settling the case, and the ad litem stated that she believed that the
agreement was in the best interest of the child. Under the agreement, Rosario was the sole
managing conservator of the child and Jackson would be given periods of possession similar
to, but not the same as, a standard possession order. Steambarge was given one hour per
month of supervised visitation, and she was specifically not to be permitted any additional
contact with the child during Jackson’s periods of possession and was not to be permitted to
attend any of the child’s school activities. 
           The trial court signed an “Agreed Order in Suit to Modify Parent-Child Relationship”
that incorporated the provisions of the rule 11 agreement. The order recited, “Respondent,
TAMI LEIGH STEAMBARGE, although duly and properly cited, did not appear and wholly
made default.” Steambarge filed a motion for new trial, contending that the trial setting was
continued and that she received no notice that the trial was reset. The trial court denied the
motion. In this appeal, Steambarge contends, in two issues, that the trial court erred in
denying her motion for new trial because she established that her failure to appear at the trial
was not intentional or the result of conscious indifference on her part. 
DISCUSSION
           We review a trial court’s denial of a motion for new trial for abuse of discretion. See
Director, State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). 
A court abuses its discretion when it acts without reference to any guiding rules and
principles. Downer Acquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
Generally, to obtain a new trial after the entry of a default judgment, a defendant must meet
the three-pronged Craddock test by showing that (1) the failure to answer was not intentional
or the result of conscious indifference, (2) the defendant has a meritorious defense, and (3)
a new trial will not work an injury to the plaintiff. Craddock v. Sunshine Bus Lines, Inc., 133
S.W.2d 124, 126 (Tex. Com. App. 1939). These same requirements apply to a post-answer
default. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). However, in a post-answer
default, if a defendant’s reason for not appearing at a trial setting is lack of notice of the
setting, the defendant is not required to show a meritorious defense. Lopez v. Lopez, 757
S.W.2d 721, 723 (Tex. 1988) (citing Peralta v. Heights Med. Ctr, Inc., 485 U.S. 80, 108 S.
Ct. 896 (1988), holding that requirement that defendant show meritorious defense, in absence
of notice, violates due-process rights under Fourteenth Amendment). In addition, the
defendant is not required to show that a new trial would not cause delay or injury to the
plaintiff. Mahand v. Delaney, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001,
no pet.) (extending Lopez principle to third prong of Craddock). 
           In this case, Steambarge contends that her failure to appear on December 11 was not
intentional or due to conscious indifference because the trial court had granted a continuance
of the trial date and she had no notice that there would be a final adjudication of the suit to
modify the parent-child relationship. Steambarge argues that she was not a respondent to
either of the two matters that were to be heard on December 11—Jackson’s appeal of the
associate judge’s ruling that Jackson had no standing and Rosario’s motion for summary
judgment against Jackson—and that her appearance at the December 11 hearing was
therefore unnecessary. 
           Rosario responds that, at the pretrial conference, the trial court left open the possibility
of having a non-jury trial on December 11 because the trial court did not say that it would not
hear a non-jury trial. The remarks of the trial court at the pretrial conference indicate that the
rescheduling of the trial depended on the outcome of the hearing on December 11 regarding
Jackson’s appeal and Rosario’s motion for summary judgment. The trial court’s remarks are
not evidence that the trial court gave notice that a non-jury trial would be held on December
11. 
           Rosario asserts, incorrectly, that the trial court “made it clear it would hear a non-jury
trial, time permitting.” Counsel for Rosario asked the trial court whether, if the court
affirmed the dismissal of Jackson’s suit and denied Rosario’s motion for summary judgment,
the court would make a determination as to what visitation Jackson was entitled to. The
court said it would do that, “time permitting.” 
           Rosario also relies on the recitation in the agreed order that Steambarge, “although
duly and properly cited, did not appear and wholly made default.” Rosario cites Osborn v.
Osborn for the proposition that such a recitation is some, but not conclusive, evidence that
proper notice was given. See 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997,
writ denied). In Osborn, however, the defendant did not offer any evidence to rebut the
presumption that he received notice of the trial setting. Id. at 413.
           Unlike Osborn, in this case there is evidence in the record rebutting the presumption
created by the recitation. See id. at 411 (stating that presumption no longer taken as true if
rebutted by other evidence in record). The record affirmatively shows that the trial court
signed an order continuing “the trial presently set for December 11th, 2002” “generally,”
with no specific date set for the trial. Steambarge attached Jackson’s affidavit to the motion
for new trial. In that affidavit, Jackson states that she told Steambarge that Jackson’s motion
for continuance had been granted on December 6, 2002 and that there would not be a custody
trial on December 11. Finally, there is no evidence in the record that a notice of a non-jury
trial was given after the order of continuance was signed. 
           We hold that Steambarge has established that she did not receive notice that a non-jury
trial would be held on December 11. She has met her burden under Lopez and Mahand, and
is therefore not required to show the second and third prongs of Craddock. Accordingly, the
trial court abused its discretion in denying Steambarge’s motion for new trial. 
           We sustain Steambarge’s two issues. We reverse the order of the trial court and
remand for further proceedings. 
 


                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.