Opinion Issued December 23, 2004










     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01119-CV




PETER MPAGI, Appellant

V.

RITA F. MOSHA, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 120551




MEMORANDUM OPINION

          Appellant, Peter Mpagi, challenges a default judgment rendered in favor of his
ex-wife, Rita F. Mosha, in her suit for divorce. We address whether the trial court
abused its discretion in denying appellant’s motion for new trial. We reverse the
judgment and remand the cause. 
Background
          Mosha filed for divorce from Mpagi on September 5, 2001. Trial was set for
August 22, 2002. On August 7, 2002, Mpagi filed a motion for continuance, which
the trial court granted on August 15, 2002, resetting the trial until September 23,
2002. On August 19, 2002, Mosha filed a motion to set aside the order granting the
continuance, to restore the trial setting, and to impose sanctions. The trial court
granted her motion, and set the trial for August 22, 2002. Mpagi failed to appear for
trial, and the trial court rendered a default judgment against him. In the judgment, the
trial court granted the divorce, named Mosha as the sole managing conservator of the
couple’s three children, awarded child support to Mosha in monthly amounts of
$1,035.60, and awarded her most of the community estate. 
Craddock Test
          In appellant’s first point of error, he contends that the trial court erred in
denying his motion for new trial and in failing to set aside the default judgment.
Specifically, Mpagi asserts that, under Craddock v. Sunshine Bus Lines, Inc., 133
S.W.2d 124 (Tex. 1939), the default judgment against him should have been set aside
because his failure to appear for trial was the result of an accident or mistake, rather
than intentional or conscious indifference. A party challenging a default judgment
under Craddock must show that (1) his failure to answer before judgment was neither
intentional nor the result of conscious indifference, but was due to a mistake or
accident; (2) the motion for new trial set up a meritorious defense; and (3) the motion
was filed at a time when, if granted, it would have caused no delay or otherwise have
worked an injury to the plaintiff. See Bank One, Tex. v. Moody, 830 S.W.2d 81, 82-83 (Tex. 1992). However, in a post-answer default situation, if a party’s reason for
not appearing at a trial setting is lack of notice of the setting, then showing a
meritorious defense is not required. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex.
1988) (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 108 S. Ct. 896 (1988),
holding that requirement that defendant show meritorious defense, in absence of
notice, violates due-process rights under Fourteenth Amendment of U.S.
Constitution). In addition, if a party did not receive notice of the trial setting, the
party is not required to show that a new trial would not cause delay or injury to the
plaintiff. Mahand v. Delaney, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.]
2001, no pet.) (extending Lopez principle to third prong of Craddock). It is the trial
court’s responsibility to provide reasonable notice of a trial setting to the parties in
contested cases. See Flores v. Rogers, No. 05-01-00571-CV, 2002 WL 1352479, at
*4 (Tex. App.—Dallas, June 21, 2002, pet. denied) (not designated for publication). 
In reviewing a trial court’s ruling on a motion for new trial, we leave the question of
whether a party has satisfied the Craddock test to the trial court’s discretion, and we
will not disturb the trial court’s ruling unless the court abuses its discretion. Wiseman
v. Levinthal, 821 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.] 1991, no writ). 
That discretion, however, is “not an unbridled discretion to decide cases as they
might.” Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994) (per
curiam). 
          In this case, Mpagi contends that his failure to appear for trial on August 22,
2002 was not intentional or due to conscious indifference, but was due instead to his
not having adequate notice of the trial date. Opposing counsel sent a facsimile letter
to Mpagi on August 19, 2002, informing him that the case had been moved back to
August 22, 2002, but Mpagi contends that, upon receiving the facsimile, he was
confused about the date of trial. Mpagi asserts that his attorney called the district
court on August 20, 2002 and was told that his trial was set for “next Thursday,”
which he mistakenly interpreted to be August 29, 2002. 
          “Conscious indifference” has been defined as the failure to take some action
that would be indicated to a person of reasonable sensibilities under the
circumstances. Mahand, 60 S.W.3d at 374. Even a slight excuse may justify a new
trial. Id. 
          The record shows that Mosha’s attorney sent a facsimile to opposing counsel
on the afternoon of August 19, 2002, notifying opposing counsel that the trial
continuance had been set aside and that trial had been again set for August 22, 2002. 
The next day, August 20, 2002, Mpagi’s attorney telephoned the court coordinator
to ask when the trial was set and was purportedly told by the coordinator that the trial
would commence Thursday. Counsel then asked the coordinator if trial was set for
“next Thursday,” to which the coordinator allegedly answered affirmatively. At the
hearing on the motion for new trial and in his brief, Mpagi’s attorney admitted that
he received the facsimile from opposing counsel notifying him that the trial was set
for August 22, 2002, but contends that he failed to appear due to the fact that he
mistakenly interpreted the coordinator’s statement that trial was set “next Thursday”
to mean August 29, 2002. Mpagi has met his burden of showing a slight excuse for failing to appear at
trial. After Mpagi’s attorney received notice of the trial date from opposing counsel,
he inquired further about when the trial was actually set by calling the court
coordinator. The record also reveals that appellant’s attorney stated that he was
confused by the court coordinator’s having told him that trial was set for “next
Thursday.” Because appellant has showed a slight excuse for having failed to appear
at the trial, the trial court erred in concluding that appellant failed to meet the first
element of the Craddock test and in denying his motion for new trial. 
          We sustain appellant’s first point of error. Given our disposition of appellant’s
first point of error, we need not reach his second point of error. 

Conclusion

          We reverse the judgment of the trial court and remand the cause.
 

 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Jennings, and Bland.