

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★       ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00241-CV

## IN THE INTEREST OF B.G.H.

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-00199
Honorable Peter Sakai, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   October 14, 2009

REVERSED AND REMANDED

This is an appeal from an order terminating Naamon D.'s[1] parental rights to his child, B.G.H. In two issues, Naamon D. contends the trial court erred in dismissing as frivolous his post-judgment motion relating to lack of notice of the trial setting and the denial of his right to a jury trial. Because the record shows Naamon D. received inadequate notice of the trial setting, we reverse the trial court's order terminating his parental rights and remand this cause for a new trial.

---

[1] To protect the privacy of the parties in this case, we identify the children by their initials and the parents by their first names only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008).

## BACKGROUND

To initiate this suit, the Texas Department of Family and Protective Services filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. Throughout the course of the litigation, Naamon D. was represented by two or three different attorneys, and numerous hearings were conducted. Naamon D. also filed a jury demand. After the case had been pending approximately a year, Naamon D.'s then-attorney filed a motion to withdraw, which was granted. The motion, which Naamon D. signed off on, noted that trial was set for February 2, 2009. However, when the case was called for trial on February 2, 2009, Naamon D. did not appear. The trial date was then reset to April 13, 2009. However, when the case was called for trial on April 13, 2009, Naamon D. again failed to appear. The trial court then placed a courtesy call to Naamon D., and he appeared shortly thereafter. Naamon D. was under the impression he had an attorney representing him, but he did not. Naamon D. contended that he had not received advance notice of the trial setting and requested a reset. In fact, Naamon D. stated several times throughout the trial that he had not received notice of the trial setting. The trial court denied Naamon D.'s request for a reset and proceeded with the trial.

During the trial, there were several references to whether Naamon D. had received advance notice of the trial setting. At one point, Mr. Willingham, the attorney representing the child, in questioning a Department caseworker, asked the following:

Q:     As far as notice, we had the trial set – we had prior jury trial setting,
       jury trial setting in February the 2nd, correct?

A:     Correct.

Q:     [Naamon D.] wasn't present at that time?

A:     Correct.

Q:      And we have – since then we also had a – permanency review on March 6th, 2009, correct?

A:      Yes.

Q:      And Mr. – was [Naamon D.] present? He was notified of it at the January hearing, correct?

A:      Yes.

Toward the end of the trial, the following exchange occurred:

Naamon D.:      See, first of all, I was not notified that we had a hearing today. I – I happened to call.

Court:      Let's clarify that. [State's attorney], what notice do we have that [Naamon D.] had notice of today's hearing?

State:      Judge, mailing out – a mailing out to his address. Other than that, I don't think we have anything else.

Court:      Did you – he didn't sign off on a scheduling order?

State:      He was not present at the last trial.

Court:      Okay.

State:      – hearing. Now, he did sign for that trial date.

Court:      Okay.

State:      He did sign a scheduling order for that trial date.

Naamon D.:      Somewhere down the line it was reset.

State:      It was reset the day that he did not show up.

Naamon D.:      I didn't get no notice [sic].

Court:      [Naamon D.], don't interrupt.

State:      Judge, I think I have the order of withdrawal with the trial date on it. He was present at the withdrawal hearing, and that was the order entered by the Court.

Court:        Only reason I'm asking is because [Naamon D.] says he didn't get any notice.

State:        I'm going to see.

Court:        And there is a fundamental premise that people should get notice.

State:        Show you, Judge.

Court:        That's the other reason why this Court doesn't like giving resets.

State:        Do you have the order of withdrawal?

Mr. Willingham:        Judge, we have got the motion for withdrawal where it has got the specific dates.

State:        May I approach?

Court:        Yes.

State:        This is the motion, and he was present at the hearing.

Court:        All right. Court has taken judicial notice of the motion to withdraw of counsel filed by Jamissa Jarmon [Naamon D.'s former attorney].

Ms. Huff:        I was letting him look at it. He – his signature is on it. He was there at the court date on it.

Naamon D.:        I have that form right there. Okay. But they didn't let me know – they have no note from here that it going [sic] to be another.

Court:        That's what happens when you don't come to court, [Naamon D.]

Naamon D.:        They had – they reset it.

Court:        That's right. They could have. They could have, and they should have entered a judgment back then. And had I been the monitoring court judge, I don't think I

> would have given you a reset. I didn't give any resets
> this morning. I didn't give any resets today. All right.
> Anything else in closing? Anybody else have anything
> to say?

Based on the evidence, the court then terminated Naamon D.'s parental rights.

Naamon D. filed a timely motion for new trial and statement of appellate points with an attached affidavit in which he argued, among other things, that he did not have advance notice of the April 13, 2009, trial setting and that he had been denied a properly requested jury trial. Naamon D.'s motion for new trial was heard on May 7, 2009. Naamon D. appeared by appointed counsel who argued that, according to Naamon D.'s affidavit, Naamon D. had not received notice of the April 13, 2009, trial setting and had been denied a properly requested jury trial.

No sworn testimony was given at the motion for new trial hearing. However, the State's attorney argued to the trial court that Naamon D. had received notice of the April 13, 2009, trial date:

State: In regards to statement [of appellant point] one that [Naamon D.] has sworn to, he was not notified of the April 13, 2009, trial date, and further down it says it was not intentional nor the result of negligence, I would argue that it was negligence, judge. Prior to the April 13th date, we had a trial date in February of which [Naamon D.] was given notice of [sic]. He was given notice by his previous attorney of record, Jamissa Jarmon, that there was a jury trial set for February 2, 2009, in the 166th District Court at 8:30 in the morning. This was by his own attorney. He was present at the motion for withdrawal. She handed him the motion and a copy of the order, so he was informed of that trial date. He did not show up. It was at that trial date that we did seek a continuance to further deal with some issues in the case. He was notified previously of the next trial date, which would have been April 13, 2009.

Court: Is there any documentation to support that statement of yours?

State: Judge, there was a mailing out and discussion at the staffing, but we did not do any certified mail in regards to that.

Court: What about the reset from that February trial date, did he not sign off on that?

State: He did not sign off on it, Judge, because he was not present. He failed to show up.

Court: So how can you make the assertion that he had knowledge of this last trial setting?

State: There was evidence presented at trial by the caseworker that at the staffing she informed him and he acknowledged that the jury trial was on April 13, 2009.

Court: So that was developed at the trial?

State: Yes, sir. I believe it was. Now in regards – and so I would argue that he was negligen[t]. Had he shown up at the February 2nd trial date, he would have been able to sign the reset and show up at the April 13th [trial setting]. Had he – and I will argue that he was informed of this trial date.

The trial court then overruled Naamon D.'s motion for new trial, sustained Naamon D.'s indigence claim, and ordered a reporter's record prepared and delivered to this court and to Naamon D.'s attorney. The trial court further found Naamon D.'s appellate points to be frivolous.

## DISCUSSION

On appeal, Naamon D. argues that the trial court erred in dismissing as frivolous his attempt to seek post-judgment relief relating to lack of notice of the trial setting and the denial of his right to a jury trial.

*A. Frivolous Appeal*

Section 263.405 of the Texas Family Code sets forth the procedure for appealing a final order terminating parental rights. A party wishing to appeal under that section must file with the trial court a statement of the points on which the party intends to appeal. TEX. FAM. CODE ANN. § 263.405(b)(2) (Vernon 2008). Once a party files a statement of appellate points, the Family Code

requires the trial court to hold a hearing to determine whether the appeal is frivolous. *Id.* § 263.405(d). The appellant may then appeal the trial court's finding that his appeal is frivolous by filing with the appellate court the reporter's record and clerk's record of the hearing in which the issue of whether the appeal is frivolous was determined. *Id.* § 263.405(g). However, such an appeal is limited to the trial court's determination that the appeal is frivolous. *See In re T.C.*, 200 S.W.3d 788, 791 (Tex. App.—Fort Worth 2006, no pet.).

The trial court's frivolous finding also results in a denial to an indigent appellant the right to a free reporter's record and clerk's record of the underlying trial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a)(2)(A) (Vernon 2002); *In re T.C.*, 200 S.W.3d at 792. In this case, however, immediately after the trial court made the frivolous appeal finding, it ordered the court reporter to provide copies of the reporter's record of the trial on the merits to Naamon D.'s attorney and to this court on appeal. Thus, in considering Naamon D.'s appellate issues, this court has the benefit not only of a record of the post-trial hearing but also of the trial on the merits.

In determining whether an appeal is frivolous, the trial court "may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); *see* Tex. Fam. Code Ann. § 263.405(d)(3) (Vernon 2008) (incorporating section 13.003(b) by reference). Frivolous is defined as lacking an arguable basis either in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet). We review a trial court's finding of frivolousness under an abuse of discretion standard. *Id.*

*B.      Notice of Trial*

A defendant who has made an appearance in a cause has a constitutional right to notice of the trial settings pursuant to the Fourteenth Amendment's Due Process Clause. *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989); *see also* U.S. CONST. amend. XIV. Further, Texas Rule of Civil Procedure 245 provides that when a contested case has been previously set for trial, the court may reset the case to a later day on any reasonable notice to the parties or by agreement of the parties. TEX. R. CIV. P. 245. And, notice given on the day of trial has been held not to be reasonable. *See Mahand v. Delaney*, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

We now turn to the record of the proceedings below to determine whether Naamon D.'s appellate points relating to whether he received notice of trial are frivolous. As set forth above, Naamon D. stated at trial that he did not receive notice of the trial setting until he received a phone call that morning advising him to appear at the courthouse. He filed a post-judgment affidavit to the same effect. During the trial, there were discussions pertaining to whether Naamon D. received notice; however, there was no clear controverting evidence to Naamon D.'s claims that he had not received notice. It was established during those discussions at trial that Naamon D. had, in fact, received notice of the February 2, 2009, trial date but had failed to appear. It was further established that the trial was reset to April 13, 2009. When questioned by the court, the State's attorney said notice had been mailed to Naamon D.'s address. However, there was no evidence or testimony at trial that Naamon D. had received notice of the April 13, 2009, trial setting.

Later, at the post-judgment hearing, when Naamon D.'s attorney urged lack of notice of the April 13, 2009, trial setting, the State's attorney again mentioned that Naamon D. had, in fact,

received notice of the February 2, 2009, setting, a fact that was not in dispute. The State's attorney then stated, in conclusory fashion, that Naamon D. was notified of the April 13, 2009, trial date. Upon questioning by the court, the State's attorney represented to the court that notice of the April 13, 2009, setting had been mailed out and discussed at a staffing. In response to further questioning by the court, the State's attorney told the court that the caseworker had testified at trial about informing Naamon D. of the trial date at a staffing and about him acknowledging the trial date of April 13, 2009. The trial judge then asked, "So that was developed at trial?" The State's attorney responded, "Yes, sir. I believe it was." The State's attorney then argued Naamon D. was negligent for not appearing at the February 2, 2009, trial setting and stated, "I will argue that he was informed of this [April 13, 2009] trial date."

On appeal, the State argues that the record shows Naamon D. did receive notice of the April 13, 2009, trial setting. Specifically, in its brief, the State urges, "[i]t appears [Naamon D.] attended the March 6 permanency review hearing, where his caseworker informed him of the new trial date." However, the record reflects that at trial, while the caseworker did refer to the March 6, 2009, permanency review hearing, her testimony only confirmed that Naamon D. had been notified of the permanency review hearing in January. The caseworker did not make any reference to whether Naamon D. received notice of the April 13, 2009, trial setting.

Further, in its brief, the State urges "[Naamon D.] had notice through his counsel of the trial settings and it appears that the reset trial date had been mailed to his address." In support of this statement, the State references the clerk's record, which shows Naamon D. received notice of the February 2, 2009, not the April 13, 2009, trial setting. Further, the State references the reporter's record of the post-judgment hearing in which the State's attorney represented to the judge that

Naamon D. received notice of the April 13, 2009, trial setting through "a mailing out and discussion at the staffing." Upon further questioning by the court, the State's attorney contended that the caseworker had testified at trial that she had informed Naamon D. of the April 13, 2009, trial setting at a staffing. However, a review of the reporter's record from the trial shows the State's attorney was mistaken. The caseworker did not testify that she had informed Naamon D. of the April 13, 2009, trial setting. Thus, the only references at either the trial or the post-judgment hearing regarding whether Naamon D. received notice of the April 13, 2009, trial setting came from counsel's argument, which was erroneously based on her recollection of the testimony at trial, and not from the witnesses' actual testimony. In its brief, the State further argues that error, if any, was harmless because Naamon D. did appear at trial and participated. However, as stated above, notice given on the day of trial is not reasonable notice. *See Mahand*, 60 S.W.3d at 375.

Our review of the proceedings in the trial court leads us to the conclusion that Naamon D. did not receive notice of the April 13, 2009, trial setting until the morning of trial when the court telephoned him. It further appears Naamon D. was erroneously denied a jury trial because he was late for the April 13, 2009, trial setting. We, therefore, reverse the trial court's findings that his appellate points are frivolous.

Ordinarily, at this point, we would be limited to determining whether the trial court erred in making the frivolous appeal findings; however, because we do have the benefit of the record of the trial on the merits, we are able to further find that Naamon D. is entitled to a new trial because he did not receive adequate notice of the trial setting and was denied the right to a properly requested jury trial.

We therefore reverse the trial court's order terminating Naamon D.'s parental rights and remand the cause for a new trial.


Karen Angelini, Justice