Opinion issued September 19, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00681-CV

———————————

**OMOWUNMI S. ASHIRU, INDIVIDUALLY AND D/B/A BLESSED KIDZ,**
Appellant

**V.**

**CITY OF ROSENBERG, FORT BEND COUNTY DRAINAGE DISTRICT, FORT BEND COUNTY, FORT BEND COUNTY LATERAL ROAD AND FLOOD CONTROL, FORT BEND COUNTY GENERAL FUND, AND LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,**
Appellees

---

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-194675

---

**MEMORANDUM OPINION**

Omowunmi Ashiru, individually and doing business as Blessed Kidz, appeals the post-answer default judgment rendered against her in this delinquent tax suit brought by the City of Rosenberg and certain other taxing units in Fort Bend County. In two issues on appeal, Ashiru argues that the default judgment must be set aside because (1) two of the taxing units failed to serve her properly with citation or intervene in the suit against her and (2) she satisfied the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

We reverse and remand.

## Background

The City of Rosenberg filed suit against Ashiru to collect delinquent taxes on inventory, supplies, furniture, fixtures, and equipment used in the operation of her child care business from 2004 to 2010. The City's citation, which was personally served on Ashiru, listed three additional taxing units that assess and collect taxes on Ashiru's property—Fort Bend County Lateral Flood Control, Fort Bend County Drainage District, and Fort Bend County General Fund. Two of the these potential taxing units intervened—specifically, the Drainage District and the General Fund.[1] Although not listed as potential taxing units in the original petition, both Fort Bend County and the Lamar Consolidated Independent School District

---

[1] The Fort Bend County entities represent on appeal that the third potential taxing unit—Fort Bend County Lateral Flood Control—no longer exists. The trial court's judgment does not include any award of money to Fort Bend County Lateral Flood Control.

2

also intervened. Ashiru answered the lawsuit, denying that she owned any of the personal property subject to the lawsuit after 2008.

The trial court set the case for trial on April 17, 2012. After Ashiru failed to appear for trial, the trial court rendered a default judgment for the City, General Fund, Drainage District, and School District (collectively referred to as the "City and County taxing units"). Ashiru moved for a new trial, alleging in an affidavit attached to the motion that she never received notice of the trial setting. According to Ashiru, she only became aware of the trial setting and resulting default judgment when she received the clerk's bill of costs and notice of judgment. Ashiru also objected to the judgment for the School District and Fort Bend County on the ground that those taxing units had not served her with citation and were not listed in the City's citation as potential taxing units. The trial court denied the motion for new trial.

## Setting Aside Default Judgment

In her second issue, Ashiru argues that the trial court erred in denying the motion for new trial and refusing to set aside the default judgment because she met the requirements of *Craddock*, 133 S.W.2d at 126. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925−26 (Tex. 2009) (per curiam) (*Craddock* test governs post-answer default judgments as well as no-answer default judgments). We begin with this issue because it is dispositive of the appeal.

## A. Default judgment legal principles and standard of review

A post-answer default judgment occurs when a defendant timely answers, thereby putting the merits of the plaintiff's claims at issue, but fails to appear at trial. *Sharif v. Par Tech., Inc.,* 135 S.W.3d 869, 872 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see Paradigm Oil, Inc. v. Retamco Operating, Inc.,* 372 S.W.3d 177, 183 (Tex. 2012). If a defendant has filed such an answer, the defendant's failure to appear at trial is neither an abandonment of the defendant's answer nor an implied confession of any issues. *Paradigm Oil,* 372 S.W.3d at 183. Post-answer default judgments cannot be entered on the pleadings but, rather, a plaintiff must offer evidence and prove his case as he would at trial. *Id.* When a default judgment is attacked by a motion for new trial in the trial court, the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 573–74 (Tex. 2006) (per curiam).

Under the *Craddock* test, a post-answer default judgment should be set aside when the defendant establishes that (1) nonappearance at trial was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Dolgencorp*, 288 S.W.3d at 925 (citing *Craddock,* 133 S.W.2d at 126); *Mathis v. Lockwood,*

4

166 S.W.3d 743, 744 (Tex. 2005) (per curiam). But a defendant who never received notice of a trial setting does not need to meet all the *Craddock* requirements. Lack of notice satisfies the first *Craddock* prong, and analysis of the second or third prong is unnecessary. *Mathis*, 166 S.W.3d at 744; *Mahand v. Delaney*, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

A trial court's decision to overrule a motion to set aside a default judgment and grant a new trial is subject to review for abuse of discretion. *Dolgencorp*, 288 S.W.3d at 926; *Interconex, Inc. v. Ugarov,* 224 S.W.3d 523, 536 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

## B.   Notice of trial setting

Once a defendant has appeared in a cause, as Ashiru did here, she is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S. Ct. 896, 899−900 (1988); and *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390−91 (Tex. 1989)). A post-answer default judgment is valid only if the defendant received notice of the trial setting or default judgment hearing. *Id.* The plaintiff has the burden of proving the defendant was served in strict compliance with the rules. *Cox v. Cox*, 298 S.W.3d 726, 733 (Tex. App.—Austin 2009, no pet.).

Ashiru asserted in an affidavit attached to her new trial motion that she did not receive notice of the April 17 trial setting, she was out of the country from April 17 until May 1, and she only became aware of the trial setting and default judgment upon receipt of the notice of bill of costs. Ashiru's affidavit was supported by a copy of a flight itinerary in Ashiru's name showing travel from Houston to Nigeria between April 17 and May 1.[2] Although the City and the County taxing units generally contend that Ashiru received adequate notice of the trial setting, they have not included any argument in their briefing in support of the denial of the new trial motion.[3] Nor have they pointed to any evidence in the

---

[2]    As additional evidence of lack of notice of the trial setting, Ashiru has included in her appendix a copy of an envelope sent to her by certified mail but returned to the City's counsel as "unclaimed" and "unable to forward." Although this document bears a file-stamp, it is not included in the appellate record. We will not consider matters not formally made part of the appellate record. *See, e.g.*, *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet. h.) ("With limited exceptions not relevant to this appeal, an appellate court may not consider matters outside of the appellate record."). Ashiru's failure to include the envelope in the appellate record is not fatal to her claims on appeal, however, because the affidavit attached to her motion for new trial establishes that she did not receive notice of the trial setting, and there is no evidence in the record contradicting her averments.

[3]    The City and the County taxing units did not include any argument in response to Ashiru's second issue on the lack of notice and *Craddock* elements because they agreed, at least in part, that the cause should be remanded to address service deficiencies. Specifically, the City and County taxing units made a number of concessions on Ashiru's first issue in their written submissions to this Court. The County taxing units acknowledged that "[t]he citation failed to list Lamar Consolidated Independent School District as a potential taxing unit" and requested "that this case be remanded to perfect service on behalf of Lamar Consolidated

6

record contradicting the assertions in Ashiru's affidavit regarding lack of notice. The clerk's record does not contain any response to Ashiru's motion or a copy of the trial setting notice purportedly sent to Ashiru. On this record, we must conclude that the default judgment cannot stand because the uncontradicted statements in Ashiru's affidavit regarding the lack of notice of the trial setting indicate that her nonappearance was not intentional or the result of conscious indifference. *See Mathis*, 166 S.W.3d at 744; *Mahand*, 60 S.W.3d at 375 (providing that analysis of existence of meritorious defense or resulting undue delay is unnecessary where record establishes lack of notice).

Accordingly, we sustain Ashiru's second issue.[4]

## Conclusion

We reverse the judgment of the trial court and remand the cause for a new trial.

Harvey Brown
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

---

Independent School District." And, instead of an appellee's brief, the City filed a "plea and notice of no opposition to remand for new trial."

[4] We do not reach Ashiru's first issue because it would not entitle her to any further or greater relief.

7