**Opinion issued February 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-15-00355-CV

———————————————

**B & SONS CONSTRUCTION, LLC, Appellant**

**V.**

**ROOD HOLDINGS, LLC, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-60986**

---

## MEMORANDUM OPINION

B & Sons Construction, LLC, appeals the trial court's denial of its motion for new trial following entry of default judgment in favor of Rood Holdings, LLC. B & Sons contends that the trial court abused its discretion in not setting aside the default judgment and granting a new trial because B & Sons never received service

of process providing notice of the pending litigation. We reverse and remand for a new trial.

## Background

This dispute concerns the construction of an industrial park at 11810 Messa Drive in Houston, Texas (the "industrial park"). B & Sons Construction and United Rentals were involved in the construction of the industrial park while it was owned by VR Wood, Inc. In January 2013, after construction was complete, Rood purchased the industrial park.

On February 14, 2013, B & Sons filed a Mechanic and Materialman's Lien Affidavit, claiming $430,329.00 was owed to B & Sons for materials and labor furnished during construction of the industrial park. On May 20, 2013, United Rentals also filed a Mechanic and Materialman's Lien Affidavit, claiming $18,967.47 was owed to United Rentals for rental equipment and related materials used at the property. On May 22, 2013, United Rentals amended the lien to claim $38,659.55 was owed.

In October 2013, United Rentals sued the original owner of the property, VR Wood, as well as the subsequent owner, Rood, and certain other individuals for alleged failures to pay for goods and equipment supplied to Wood for construction of the industrial park.

2

In April 2014, Rood filed a third-party complaint against B & Sons to quiet title and to remove the cloud on the property resulting from B & Sons' mechanic's and materialman's lien. B & Sons' registered agent for service of process is Larry Pham, and its registered office is located at 600 Shane Street, Houston, Texas 77037. After making three unsuccessful service attempts at the registered address and four unsuccessful service attempts at 522 Shane Street—which was believed to be the residence of Larry Pham—Rood moved for substituted service.

The trial court granted Rood's motion for substituted service and authorized substituted service on B & Sons "by one of the following methods":

1) Leaving a true copy of the Citation, along with the Petition with anyone more than sixteen years of age at 600 Shane Street, Houston, Texas 77037;

2) Securely attaching a copy of the Citation, along with the Petition on the front door or on the front gate of the property at 600 Shane Street, Houston, Texas 77037;

3) By mailing a copy of the Citation along with the Petition, by certified mail (return receipt requested) and/or by regular mail to the registered agent's office at 600 Shane Street, Houston, Texas 77037; or

4) By any alternative method which the Court deems as reasonably effective to give Third-Party Defendant B & Sons Construction notice of the suit.

According to an affidavit of substitute service filed by Joseph Rodriguez, he served B & Sons on October 13, 2014, at 7:30 p.m., by posting a copy of the petition and citation to the front door of 600 Shane Street.

B & Sons failed to timely file an answer or otherwise appear. On November 17, 2014, Rood moved for default judgment. On December 10, 2014, the trial court entered an interlocutory default judgment against B & Sons. By an order entered on January 22, 2015, the trial court dismissed certain parties and made its December 2014 default judgment against B & Sons "Final and Appealable."

On February 10, 2015, B & Sons moved for a new trial, arguing that the default judgment should be set aside as B & Sons was never served with the citation or petition and was unaware of the suit until after December 10, 2014, when the clerk of the court mailed notice of default judgment to 600 Shane Street. In support, B & Sons provided an affidavit from its registered agent, Larry Pham. As explained in the affidavit, B & Sons' "office is located at 600 Shane Street," but "[t]he Company does not currently have, and has not had, during the relevant time frame, any employees working at 600 Shane Street." Pham's uncle and grandmother reside at 600 Shane Street. His grandmother does not read or speak English and his uncle works off the property from 9:00 a.m. to 11:00 p.m. Pham further averred that 600 Shane Street is a gated property that includes a total of three houses. Pham resides at 522 Shane Street. Pham averred that he was not served with process nor was he notified by anyone at either 600 Shane Street or 522 Shane Street that a process server was looking for him or that any legal

4

documents had been delivered or affixed to the property. Thus, Pham averred that the failure to answer the suit was not intentional, but was the result of never receiving notice of the suit until after the December, 10, 2014 default judgment had been entered.

On March 11, 2015, the trial court denied B & Sons' motion for a new trial. B & Sons appealed.

## Discussion

In its sole issue, B & Sons contends that the trial court erred in refusing to set aside its default judgment and grant a new trial because B & Sons never received notice of suit.

### A. Standard of Review

We review a trial court's decision to overrule a motion to set aside a default judgment and grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam); *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 536 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998); *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 465 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)

**B.    Applicable Law**

The Texas Supreme Court established the standard for setting aside a default judgment in *Craddock v. Sunshine Bus Lines, Inc.*, 134 S.W.2d 124, 126 (Tex. 1939).    Under the *Craddock* test, post-answer as well as no-answer default judgments should be vacated and a new trial granted when the defaulting party establishes that: (1) the failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting a new trial will not occasion delay or work other injury to the prevailing party.  *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006); *Craddock*, 134 S.W.2d at 126.  To successfully challenge a default judgment, the movant must allege, and support with sworn proof, the three *Craddock* requirements.  *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex. 1966); *Wal–Mart Stores, Inc. v. Kelley,* 103 S.W.3d 642, 644 (Tex. App.—Fort Worth 2003, no pet.); *Pickell v. Guar. Nat'l Life Ins. Co.,* 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ).

However, when a defendant does not receive actual or constructive notice of suit, due process relieves that defendant of the burden of proving the second and third prongs of the *Craddock* test.  *See Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (per curiam) (explaining Supreme Court decision in *Peralta v. Heights Med. Center, Inc.*, 485 U.S. 80, 108 S. Ct. 896 (1988), to hold that, when defaulting

6

party claims no actual or constructive notice of suit or trial setting, requiring showing of meritorious defense as a condition to granting motion for new trial violates due process); *Mahand v. Delaney*, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (extending *Lopez* in lack-of-notice cases to also dispense with third *Craddock* factor requiring a showing that motion for a new trial would not cause delay or injury). "When a default judgment is attacked by a motion for a new trial, the critical question is: 'Why did the defendant not appear?'" *Milestone Operating, Inc. v. Exxon Mobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (quoting *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)). "If the defendant did not appear because he or she never received the suit papers, then the court should generally set aside the default judgment." *Sutherland*, 376 S.W.3d at 755 (citing *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam)). "But if the defendant received the suit papers and has some other reason for not appearing, then the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test." *Id.*

## C.    Analysis

Here, the first prong of the *Craddock* analysis is satisfied if B & Sons' motion and supporting affidavit "set forth facts that, if true, would negate intent or conscious indifference" and the excuse is not controverted. *See Old Republic Ins.*

*Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam); *Comanche Nation v. Fox*, 128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.) (requiring that "a defaulting party must provide some excuse, though not necessarily a good excuse, for failing to timely file an answer or appear"). In its motion for a new trial, B & Sons asserted that its failure to file an answer and to appear was not intentional or the result of conscious indifference, but instead resulted from never having received actual notice of the suit.

To support its motion, B & Sons included an affidavit of its registered agent, Larry Pham, who averred that he had not been personally served with process or notified that any attempt at service of process was made at 600 Shane Street. Thus, B & Sons has provided some excuse explaining its failure to appear. *See Sutherland*, 376 S.W.3d at 755–56 (finding no conscious indifference when defendant received proper service but failed to appear because "the citation was left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season"). Rood has not controverted this evidence. *See Fidelity*, 186 S.W.3d at 575. Accordingly, we conclude that B & Sons met the first prong of *Craddock*. *See Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam) (explaining that defendant satisfies first *Craddock* factor if plaintiff fails to controvert defendant's factual assertions).

8

Because B & Sons adduced uncontroverted evidence that it had no notice of suit, the first *Craddock* factor is met and analysis of the second and third prong is unnecessary. *See Mahand*, 60 S.W.3d at 375 (explaining that analysis of existence of meritorious defense or possibility of undue delay or injury is unnecessary where record establishes lack of notice). This holding is consistent with the policy that "an adjudication on the merits is preferred in Texas." *Holt Atherton Indus. Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992).

We sustain B & Sons' sole issue.

## Conclusion

The trial court's denial of B & Sons' motion for new trial constituted an abuse of discretion. Accordingly, we reverse the judgment of the trial court and remand the cause for a new trial.

Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

9