**Opinion issued December 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00262-CV

———————————

## JANET SNOW, Appellant

## V.

## JOHN COMO, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1113112**

---

## MEMORANDUM OPINION

This is an appeal from a post-answer default judgment against Janet Snow.

Snow argues that the trial court abused its discretion in refusing to set aside the

default judgment and grant her a new trial because she presented uncontroverted

evidence that she never received notice of the trial setting. We agree and therefore reverse and remand.

## Background

The facts are simple and undisputed. John Como sued Janet Snow for breach of contract. Snow answered. The case proceeded to trial, but Snow did not appear, and the trial court signed a post-answer default judgment in Como's favor. Snow then filed a verified motion for new trial, asserting that she never received notice of the trial setting. Como did not file a response, and Snow's motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Snow appeals.

## Default Judgment

In her first issue, Snow argues that the trial court abused its discretion in refusing to set aside the default judgment and grant her a new trial because she presented uncontroverted evidence that she never received notice of the trial setting.

### A.    Applicable law and standard of review

Under Texas law, a post-answer default judgment is permissible when the defendant files an answer but fails to appear for trial. *Mahand v. Delaney*, 60 S.W.3d 371, 373 (Tex. App.—Houston [1st Dist.] 2001, no pet.). However, a post-answer default judgment is only valid if the defendant received notice of the trial

setting. *$429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Thus, if the trial court enters a post-answer default judgment, and the defendant later proves she never received notice of the trial setting, the trial court must set the judgment aside and grant a new trial. *See Mahand*, 60 S.W.3d at 375. A trial court's refusal to do so is an abuse of discretion subject to reversal on appeal. *See id.* at 374.

**B.    Analysis**

After the trial court signed the default judgment, Snow filed a motion for new trial, which was verified by the affidavit of Snow's counsel, Terry Vanderpool. The motion asserted that, after the trial court signed the default judgment, Vanderpool received a notice of final judgment, prompting him to contact the trial court clerk, who informed Vanderpool that the trial court had previously signed an order that (1) set the case for trial and (2) ordered Como to notify Vanderpool of the trial setting by certified mail, return receipt requested. However, the motion further asserted, Como never notified Vanderpool of the trial setting, and Vanderpool was not otherwise made aware of the trial setting, as the order setting the case for trial was never provided to Vanderpool or made part of the county clerk's online records.

Snow's motion for new trial was supported by several exhibits, including: (1) the trial court's order setting the case for trial, which the trial court clerk faxed to Vanderpool after he received the notice of final judgment, and (2) a page from the county clerk's website reflecting that the trial setting order had not been posted online.

Como did not file a response to Snow's motion for new trial.[1] Thus, the allegations in Snow's motion are uncontroverted.

When, as here, a defendant presents verified affidavit testimony establishing that she never received notice of the trial setting, and the testimony is uncontroverted, the trial court must accept the testimony as true, set the default judgment aside, and grant the defendant a new trial. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (defendant satisfies her burden by presenting uncontroverted factual assertions that, if true, entitle her to new trial); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (holding that defendant established he was entitled to new trial when he provided uncontroverted testimony that he never received notice of trial setting); *Ashiru v. City of Rosenberg*, No. 01-12-00681-CV, 2013 WL 5302701, at *2 (Tex. App.—Houston [1st Dist.] Sept. 19, 2013, no pet.) (mem. op.) (reversing trial court's denial of new-trial motion because movant provided uncontradicted evidence that she had not received notice of trial setting);

---

[1]    We further note that Como has waived his right to file an appellate brief.

*Mahand*, 60 S.W.3d at 374–75 (holding that defendant proved he did not receive reasonable notice of trial date when defendant filed uncontroverted verified motion for new trial asserting that he did not receive notice until day of trial). We hold that the trial court's failure to do so here was an abuse of discretion. Accordingly, we sustain Snow's first issue.[2]

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings.

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

---

[2] Because our resolution of Snow's first issue is dispositive, we do not reach her second issue, in which she argues that the trial court's refusal to set aside the default judgment and grant a new trail was an abuse of discretion because a record of the trial was never made.